UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

```
                                      )
LULU ENTERPRISES, INC.,               )
                                      )
                Plaintiff,            )
                                      )
v.                                    )    Civil Action No.: 07-347
                                      )
N-F NEWSITE, LLC,                     )    JURY TRIAL DEMANDED
                                      )
   and                                )
                                      )
HULU TECH, INC.,                      )
                                      )
                Defendants.           )
                                      )
```

## COMPLAINT

1.      Plaintiff Lulu Enterprises, Inc. ("Lulu") brings this complaint against Defendants
N-F NewSite, LLC ("NF") and Hulu Tech, Inc. ("Hulu") for: (1) federal unfair competition, in
violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) federal cyberpiracy, in
violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); (3) unfair and deceptive
trade practices, in violation of N.C. Gen. Stat. § 75-1.1; and (4) trademark infringement, in
violation of the common law of North Carolina and other common law. Lulu alleges as follows:

### INTRODUCTION

2.      Lulu brings this lawsuit to protect the goodwill that it has developed over the past
five years in its distinctive LULU names and marks. Lulu has used and is using its LULU marks
in connection with extremely successful web-based digital publishing and media distribution
services, connecting creators with buyers and viewers of digital content, including books, videos,
images, and music. The goodwill that Lulu has developed is now under attack, for Defendants

have just announced that they will soon begin Beta testing a web-based service focusing on serving the digital media markets that Lulu has cultivated since 2002, and that they will do so under the name and mark HULU. Upon information and belief, Defendants had to have been and were aware of Lulu and the LULU names and marks before they chose the closely similar HULU names and marks. In the brief time since Defendants' announcement, several journalists and commentators have already noted the remarkable similarity between HULU and LULU. Unless Defendants are enjoined from using the HULU names and marks, widespread consumer confusion will occur, and Lulu will be irreparably harmed.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to: (i) 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121 for claims arising out of violations of Sections 43(a) and 43(d) of the Lanham Act; and (ii) 28 U.S.C. § 1367, pursuant to the principles of supplemental jurisdiction.

4.      Venue in this district is proper under 28 U.S.C. § 1391(b) & (c) because Defendants are subject to personal jurisdiction here and the misconduct giving rise to Lulu's claims in substantial part is occurring here. Defendants are using and promoting their infringing HULU name and mark here, are seeking customers and potential customers under their infringing HULU name and mark here, and are seeking from the USPTO a federal registration that would protect their use of their infringing HULU name and mark here.

## THE PARTIES

5.      Plaintiff Lulu is a Delaware corporation, with its principal place of business in Morrisville, North Carolina.

6.    On information and belief, Defendant NF is a Delaware limited liability company, with a business address at 12312 West Olympic Boulevard, Los Angeles, California 90064, and Defendant Hulu is a California corporation, with a business address at 1093 Huntingdon Drive, San Jose, California 95129.

## FACTS GIVING RISE TO THIS ACTION

### A.    The LULU Marks

7.    Since 2002, when it was founded by CEO Bob Young, the co-founder of the open source software company Red Hat, Lulu has operated web-based digital publishing and media distribution services from its Morrisville, North Carolina headquarters. Lulu provides, under its distinctive LULU name and mark, and through related names and marks such as LULU.COM and LULU.TV, tools for creators to publish books, music files, audio files, videos, and images digitally. The LULU.COM website provides an online store for creators to sell their books, videos, images, and other works to the public. The LULU.TV website enables consumers to view video, audio, images, and podcast content, where creators receive a share of advertising revenue. *See* Exhibit A (pages from Lulu's LULU.COM website) & Exhibit B (pages from Lulu's LULU.TV website).

8.    Lulu's success over the past five years under its LULU names and marks has been phenomenal. Lulu has more than 1.2 million registered users of its services in more than 80 countries. Lulu has opened corporate offices in the United States, the United Kingdom, and Canada. Lulu provides portals geared to customers in several countries and languages, including LULU: USA, LULU: UK, LULU: GERMAN, LULU: SPANISH, LULU: FRENCH, LULU: ITALIAN, and LULU: DUTCH portals. LULU.COM is a top 2500 worldwide website on Alexa.com, and in 2007, Lulu won a Web 2.0 Award as the best website for books. *See id.*

LULU.TV has garnered widespread attention and publicity in online media as well as traditional local and national media, such as *The News & Observer* and *The New York Times*. See Exhibit C (articles on LULU.TV).

9. Lulu's reputation and goodwill, developed over years of service, are embodied in Lulu's distinctive and well-known LULU names and marks.

10. Lulu has received considerable unsolicited attention and coverage -- in the online media and traditional media -- focusing on its LULU products and services. *See id.*

11. Lulu has used and promoted its LULU names and marks in commerce continuously since 2002. Lulu owns and uses two domain names incorporating its LULU mark, LULU.COM and LULU.TV. See Exhibit D (domain name registration information for LULU.COM and LULU.TV).

12. Lulu owns five applications for its LULU marks with the USPTO:

| MARK | SERIAL NO. | FILING DATE | CLASSES |
|---|---|---|---|
| LULU | 78/155,152 | August 16, 2002 | 35, 41, and 42 |
| LULU.COM | 77/217,955 | June 28, 20074 | 9, 16, 18, 25, 35, 38, 41, and 42 |
| LULU and Design | 77/217,960 | June 28, 2007 | 9, 16, 25, 35, 38, 41, and 42 |
| LULU and Design | 77/226,519 | July 11, 2007 | 9, 16, 18, 25, 35, 41, and 42 |
| LULU STUDIO | 77/257,646 | August 17, 2007 | 42 |

*See* Exhibit E (printouts from USPTO website for LULU federal trademark applications).

13. Lulu's LULU marks are inherently distinctive. In addition, through widespread and successful use, promotion, and recognition, the LULU marks have acquired strong secondary meaning.

**B.**    **Defendants' Infringing Marks and Domain Names**

14.    On or about August 29, 2007, Defendants announced that they would begin using marks that are nearly identical to Lulu's marks -- HULU and HULU.COM -- to promote services that are closely related to Lulu's services -- a website featuring digital video content. *See* Exhibit F (articles covering HULU/HULU.COM announcement).

15.    Since learning of Defendants' HULU announcement, Lulu has determined that on August 22, 2007, Defendant NF also filed with the USPTO an application seeking to register the HULU mark for various products and services, many of which are related to, and even identical to, the services that Lulu provides under its LULU marks. *See* Exhibit G (printout from USPTO website for HULU federal trademark application).

16.    Lulu is, and has been for the last five years, serving the markets that Hulu has announced their intentions to enter; namely web-based markets for digital content, including electronic files and physical versions of: books, music, photography, and video.    The content currently for sale on Lulu is similar to the content that Hulu intends to serve.    The content on Lulu has been contributed by many producers including leading international publishers, for sale in a variety of formats to a worldwide market of buyers on the Internet.

17.    In addition, Defendant Hulu has registered the HULU.COM domain name, which Defendants are now using and promoting. *See* Exhibit H (domain name registration information for HULU.COM).

18.    Defendants' HULU mark and domain name clearly create a likelihood of confusion with Lulu's prior LULU marks and names.    In fact, a number of news articles and online blogs have already noted the striking similarity between HULU and LULU, commenting as follows:

- "Hulu's A Lulu Of A Name"

- "Hulu: NBC And Fox Hope It's a Real 'Lulu'"

- "Reminds me of Lulu (what, with only one letter differentiating it)."

- "It also sounds a lot like Lulu, a custom online book publisher I've written about."

*See* Exhibit I (various articles).

### C.     **Injury to Lulu**

19.     Defendants' HULU mark and domain name unfairly trade upon the goodwill that Lulu has established in its LULU names and marks. Defendants' use of a closely similar name and mark to promote closely related services creates a likelihood of confusion, and causes consumers, potential consumers, the public, regulators, and the trade to believe mistakenly that Defendants are affiliated with, connected with, sponsored by, approved by, or otherwise associated with Lulu, and that Defendants' HULU services are authorized by, supplied by, licensed by, or otherwise associated with Lulu and its LULU services.

20.     The resulting harm to Lulu's goodwill is acute, as the reputation that Lulu has developed over five years is now in the hands of entities to which Lulu gave no authorization and over which Lulu has no control.

### COUNT I
### FEDERAL UNFAIR COMPETITION

21.     Lulu specifically realleges and incorporates by reference each and every allegation contained in paragraphs 1-20 hereof.

22.     Lulu owns valid and subsisting rights in its LULU names and marks, and it uses those names and marks in interstate commerce.

23.    By using the HULU and HULU.COM name and mark, and by committing other acts, Defendants are engaging in false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act. 15 U.S.C. § 1125.

24.    Upon information and belief, Defendants have adopted and used, and are continuing to use, their confusingly similar name and mark with knowledge of, and in disregard of, Lulu's prior rights.

25.    Lulu has no adequate remedy at law to address Defendants' unfair competition. Lulu has been, and absent injunctive relief, will continue to be, irreparably harmed by Defendants' actions. Lulu is entitled to injunctive relief against Defendants. Lulu is also entitled to damages, trebled, and to reasonable attorney's fees and costs as a result of Defendants' willful conduct, pursuant to Section 35 of the Lanham Act. 15 U.S.C. § 1117.

## COUNT II
## FEDERAL CYBERPIRACY

26.    Lulu specifically realleges and incorporates by reference each and every allegation contained in paragraphs 1-25 hereof.

27.    By registering and using the domain name HULU.COM, which is closely similar to Lulu's prior LULU marks, Defendants have demonstrated a bad faith intent to profit from Lulu's marks, and have registered, trafficked in, and used a domain name that is identical or confusingly similar to Lulu's prior marks. Defendants are thus engaging in cyberpiracy in violation of Section 43(d) of the Lanham Act. 15 U.S.C. § 1125(d).

28.    Upon information and belief, Defendants have used Lulu's LULU marks as part of Defendants' domain name with actual knowledge of Lulu's mark, with the intent to cause confusion, and in bad faith.

29.    Lulu has no adequate remedy at law to address Defendants' cyberpiracy. Lulu has been, and absent injunctive relief, will continue to be, irreparably harmed by Defendants' actions.

30.    Lulu is entitled to have Defendant immediately cease using its pirated domain name and transfer its registration of the pirated domain name (and any other similar domain names) to Lulu, pursuant to Section 43(d) of the Lanham Act. 15 U.S.C. § 1125(d).

### COUNT III
### STATE UNFAIR AND DECEPTIVE TRADE PRACTICES

31.    Lulu specifically realleges and incorporates by reference each and every allegation contained in paragraphs 1-30 hereof.

32.    By using the HULU and HULU.COM name and mark, and by committing other acts, in or affecting commerce in North Carolina, Defendants are is engaging in unfair and deceptive trade practices, and are causing proximate injury to Lulu thereby, in violation of North Carolina General Statute § 75-1.1.

33.    Lulu has no adequate remedy at law for Defendants' wrongful conduct. Lulu has been, and absent injunctive relief, will continue to be, irreparably harmed by Defendants' actions.

34.    Lulu is entitled to recover from Defendants their profits, the damages that Lulu has sustained from Defendants' conduct, trebled pursuant to North Carolina General Statute § 75-16, the costs of the action, and, because Defendants' violation has been willful, reasonable attorney's fees pursuant to North Carolina General Statute § 75-16.1.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

35.     Lulu specifically realleges and incorporates by reference each and every allegation contained in paragraphs 1-34 hereof.

36.     Lulu has valid and subsisting rights in its LULU marks, and Lulu has priority over Defendants' use of the similar HULU name and mark.

37.     By using the HULU and HULU.COM name and mark, and by committing other acts in or affecting commerce in North Carolina and elsewhere, Defendants are engaging in trademark infringement and unfair competition in violation of North Carolina common law and other common law, and is causing proximate injury to Lulu thereby.

38.     Upon information and belief, Defendants are using the HULU and HULU.COM name and mark with actual knowledge of Lulu's LULU marks, with the intent to cause confusion, and in bad faith.

39.     Lulu has no adequate remedy at law for Defendants' wrongful conduct. Lulu has been, and absent injunctive relief, will continue to be, irreparably harmed by Defendants' actions. Lulu is entitled to recover from Defendants their profits, the damages that Lulu has sustained from Defendants' conduct, and the costs of the action.

### PRAYER FOR RELIEF

WHEREFORE, Lulu prays that the Court enter an order:

1.     adjudging that Defendants are engaging in the acts of federal unfair competition, federal cyberpiracy, state unfair competition and deceptive trade practices, and common law trademark infringement and unfair competition, as alleged herein;

2.    preliminarily and permanently enjoining Defendants, and their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, as follows:

(a)    prohibiting them from using HULU, HULU.COM, or any trademark, service mark, corporate name, trade name, fictitious name, dba name, logo, domain name, or other indicia of origin that incorporates, or that is confusingly similar to, Lulu's LULU marks;

(b)    requiring them to expressly abandon the pending application to register HULU with the USPTO, and prohibiting them from attempting to register, with the USPTO or any other office or body, HULU, HULU.COM, or any trademark, service mark, name, logo, or other indicia of origin that incorporates, or that is confusingly similar to, Lulu's LULU marks;

(c)    requiring them to withdraw or modify any incorporations, registrations, or other filings so that they are not identified under the names HULU, HULU.COM, or any other names that incorporate, or that are confusingly similar to, Lulu's LULU marks;

(d)    prohibiting them from using the HULU.COM domain name or any other domain names that incorporate, or that are confusingly similar to, the LULU marks;

(e)    requiring them to transfer to Lulu the domain name and domain name registration for HULU.COM; and

(f)    prohibiting them from otherwise competing unfairly with Lulu or deceiving consumers or others by (i) trading upon Lulu's goodwill and business

reputation, (ii) misappropriating Lulu's rights in the LULU marks, or (iii) stating or suggesting that they or their operations or services are related to or connected with Lulu or Lulu's operations and services.

3.      requiring Defendants to file with this Court and to serve on Lulu, within thirty (30) days after entry of the requested injunction, a report in writing and under oath setting forth in detail the manner in which they have complied with the injunction;

4.      awarding Lulu its damages and Defendants' profits as a judgment against Defendants in an amount to be determined at trial for Defendants' violations of 15 U.S.C. §§ 1125(a) and 1125(d), and for Defendants' state unfair competition, deceptive trade practices, and common law trademark infringement;

5.      awarding Lulu treble damages as a judgment against Defendants pursuant to the Lanham Act and North Carolina General Statute § 75-16;

6.      awarding Lulu its costs and reasonable attorney's fees from Defendants pursuant to the Lanham Act and North Carolina General Statute § 75-16.1; and

7.      awarding to Lulu such other and further relief as this Court deems just and proper.

## Demand For Trial By Jury

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lulu demands a trial by jury of any issue triable of right by a jury.

Dated:  September 5, 2007

ELLIS & WINTERS LLP

By:  s/Leslie C. O'Toole  _____

   Leslie C. O'Toole
   N.C. Bar No. 13640
   Thomas H. Segars
   N.C. Bar No. 29433
   Ellis & Winters LLP
   P.O. Box 33550
   Raleigh, North Carolina 27636
   (919) 865-7000
   *Counsel for the Plaintiff*
   *Lulu Enterprises, Inc.*