UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:07-CV-347-D

| | |
|---|---|
| LULU ENTERPRISES, INC., )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>N-F NEWSITE, LLC, )<br>)<br>and )<br>)<br>HULU TECH, INC., )<br>)<br>Defendants. )<br>) | **PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br>**FED. R. CIV. P. 65(b)** |

NOW COMES Plaintiff Lulu Enterprises, Inc. ("Lulu") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and moves the Court for a temporary restraining order against Defendants N-F NewSite, LLC ("NF") and Hulu Tech, Inc. ("Hulu Tech"). In support thereof, Lulu states as follows:

1.      Lulu will suffer irreparable harm if a temporary restraining order does not issue as a result of Defendant's conduct in using and promoting its HULU name and mark. More specifically, Defendants have expressed their intent to begin offering services under the HULU name in October, 2007. As a result, the briefing and argument of Lulu's Motion for Preliminary Injunction, filed contemporaneously herewith, will not likely be complete in time to prevent the irreparable harm to Lulu's business that Defendants' plans threaten to inflict.

2. Defendants – who have not yet begun offering goods or services under the HULU name and who, according to their own announcement, do not plan to do so until some time in October 2007 – will suffer little or no harm from the proposed temporary restraining order.

3. Lulu can establish a strong likelihood that it will prevail on the merits of its claims.

4. The public interest will be served by the issuance of the proposed temporary restraining order

5. Lulu requests that the Court set the required bond at a nominal amount in light of the fact that Defendants will not likely incur any substantial costs or damages as a result of the issuance of the proposed relief.

6. Lulu has endeavored to give notice to Defendants regarding the filing of this motion. Specifically, Lulu has spoken with counsel listed as the attorneys of record in Defendants' application to the USPTO and made them aware of its intention to file this motion, and has placed a call to the CEO of Defendant NF. Lulu is also serving copies of this motion and the papers being filed contemporaneously herewith on Defendant NF through its registered agent and on Defendant Hulu Tech by sending copies to its place of business. Lulu will also provide a copy of all such papers to counsel listed as the attorneys of record in Defendants' application to the USPTO. Lulu will advise the Court through supplemental filing of any change in the status of its efforts to provide notice of this motion and any hearing hereon that the Court may Order.

WHEREFORE, for the foregoing reasons, and for those set forth in Plaintiff's supporting memorandum of law and the supporting Affidavit of Robert Young, being

filed contemporaneously herewith (both of which are incorporated by reference herein) Plaintiff respectfully moves that the Court enter a temporary restraining order against Defendants:

(a) prohibiting them from using HULU, HULU.COM, or any trademark, service mark, corporate name, trade name, fictitious name, dba name, logo, domain name, or other indicia of origin that incorporates, or that is confusingly similar to, Lulu's LULU marks;

(b) requiring them to expressly abandon the pending application to register HULU with the USPTO, and prohibiting them from attempting to register, with the USPTO or any other office or body, HULU, HULU.COM, or any trademark, service mark, name, logo, or other indicia of origin that incorporates, or that is confusingly similar to, Lulu's LULU marks;

(c) requiring them to withdraw or modify any incorporations, registrations, or other filings so that they are not identified under the names HULU, HULU.COM, or any other names that incorporate, or that are confusingly similar to, Lulu's LULU marks;

(d) prohibiting them from using the HULU.COM domain name or any other domain names that incorporate, or that are confusingly similar to, the LULU marks; [1]

(e) prohibiting them from otherwise competing unfairly with Lulu or deceiving consumers or others by (i) trading upon Lulu's goodwill and business reputation, (ii) misappropriating Lulu's rights in the LULU marks, or (iii) stating or suggesting that they or their operations or services are related to or connected with Lulu or Lulu's operations and services.

---

[1] Lulu's Complaint also asks, as part of its request for injunctive relief, that Defendants be ordered to transfer to Lulu the domain name and domain name registration for HULU.COM, as provided by 15 U.S.C. § 1125(d)(1)(C). Lulu intends to seek such relief as part of any final judgment in this action, but recognizes that it need not be part of the preliminary relief Lulu seeks—which is intended only to prevent the continuing harm inflicted by Defendants' use of the HULU.COM domain name.

Respectfully submitted this the 10th day of September, 2007

        ELLIS & WINTERS LLP

        /s/ Leslie C. O'Toole
        Leslie C. O'Toole
        N.C. Bar No. 13640
        Thomas H. Segars
        N.C. Bar No. 29433
        Ellis & Winters LLP
        P.O. Box 33550
        Raleigh, North Carolina 27636
        (919) 865-7000
        *Counsel for the Plaintiff*
        *Lulu Enterprises, Inc.*