Case 5:07-cv-00347-D   Document 9-2   Filed 09/10/2007   Page 1 of 5

145 Fed.Appx. 401                                                                                                     Page 1
145 Fed.Appx. 401, 2005 WL 1655030 (C.A.4 (Md.)), 2005 Copr.L.Dec. P 29,029
**(Cite as: 145 Fed.Appx. 401)**

Bowe Bell & Howell Co. v. Harris
C.A.4 (Md.),2005.
This case was not selected for publication in the Federal Reporter.UNPUBLISHEDPlease use FIND to look at the applicable circuit court rule before citing this opinion. Fourth Circuit Rule 36(c). (FIND CTA4 Rule 36(c).)
United States Court of Appeals,Fourth Circuit.
BOWE BELL & HOWELL COMPANY, Plaintiff-Appellee,
v.
Albert M. HARRIS; Michael Brooks; Niels Andersen; Jeffrey Leutner; Richard A. Nestor; David Meehling; Document Services, Incorporated, d/b/a Trans-Print Software Service, d/b/a Trans-Print Services, Defendants-Appellants.
No. 04-2539.

Argued May 25, 2005.
Decided July 15, 2005.

**Background:** Copyright holder brought action against competitor alleging federal copyright and trademark infringement and related state law claims. The United States District Court for the District of Maryland, Richard D. Bennett, J., granted plaintiff's motion for preliminary injunction. Competitor appealed.

**Holding:** The Court of Appeals held that district court did not abuse its discretion in granting motion for preliminary injunction.

Affirmed.
West Headnotes

**[1] Copyrights and Intellectual Property 99 🔑 85**

99 Copyrights and Intellectual Property
   99I Copyrights
      99I(J) Infringement
         99I(J)2 Remedies
           99k72 Actions for Infringement
              99k85 k. Preliminary Injunction. Most Cited Cases

**Injunction 212 🔑 138.33**

212 Injunction
   212IV Preliminary and Interlocutory Injunctions
      212IV(A) Grounds and Proceedings to Procure
         212IV(A)3 Subjects of Relief
           212k138.30 Property, Conveyances and Encumbrances
              212k138.33 k. Trade Secrets; Customer Lists. Most Cited Cases

**Trademarks 382T 🔑 1704(2)**

382T Trademarks
   382TIX Actions and Proceedings
      382TIX(F) Injunctions
         382Tk1701 Preliminary or Temporary Injunctions
           382Tk1704 Grounds and Subjects of Relief
              382Tk1704(2) k. Infringement in General. Most Cited Cases
Irreparable harm to copyright holder in denying preliminary injunction was substantially greater than harm to competitor in granting injunction, in copyright infringement case over software program, since likelihood of success on copyright holder's claims for misappropriation of trade secrets, trademark and copyright infringement, and breach of non-competition and non-disclosure agreements could not have been compensated by money damages alone, and harm to competitor was relatively small because its business was still evolving and involved working with other software products and competitors were well-educated and could have worked with other types of computer software.

**[2] Copyrights and Intellectual Property 99 🔑 85**

99 Copyrights and Intellectual Property
   99I Copyrights
      99I(J) Infringement

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

          99I(J)2 Remedies
             99k72 Actions for Infringement
                99k85 k. Preliminary Injunction.
Most Cited Cases

Competitor likely violated license agreement on copyrighted software program, for purpose of copyright holder's motion for preliminary injunction against competitor, by copying program's source code from licensee onto its computer and using that program to service customers.

**[3] Trademarks 382T ⚷1704(9)**

382T Trademarks
    382TIX Actions and Proceedings
        382TIX(F) Injunctions
            382Tk1701 Preliminary or Temporary Injunctions
                382Tk1704 Grounds and Subjects of Relief
                    382Tk1704(9) k. Similarity; Likelihood of Confusion. Most Cited Cases

Competitor's advertising was likely to cause, and continue to cause, confusion in the marketplace, for purpose of trademark holder's motion for preliminary injunction against competitor in infringement action, where competitor used registered trademark 11 times in its announcement to press of services it provided.

**[4] Injunction 212 ⚷138.33**

212 Injunction
    212IV Preliminary and Interlocutory Injunctions
        212IV(A) Grounds and Proceedings to Procure
            212IV(A)3 Subjects of Relief
                212k138.30 Property, Conveyances and Encumbrances
                212k138.33 k. Trade Secrets; Customer Lists. Most Cited Cases
    (Formerly 382k984 Trade Regulation)

Employee likely misappropriated employer's trade secret, for purpose of employer's motion for preliminary injunction against employee, former employee, and competitor, where employer's customer list was saved on password protected server which was securely stored in employer's office and accessible only by employees and employee transmitted list to former employee and competitor.

**[5] Injunction 212 ⚷138.39**

212 Injunction
    212IV Preliminary and Interlocutory Injunctions
        212IV(A) Grounds and Proceedings to Procure
            212IV(A)3 Subjects of Relief
                212k138.36 Contracts
                    212k138.39 k. Noncompetition Covenants or Agreements. Most Cited Cases

Former employees likely violated either their non-competition or non-disclosure agreements with employer, for purpose of employer's motion for preliminary injunction against employees, by associating themselves with competitor immediately after leaving employer.

**[6] Copyrights and Intellectual Property 99 ⚷85**

99 Copyrights and Intellectual Property
    99I Copyrights
        99I(J) Infringement
            99I(J)2 Remedies
                99k72 Actions for Infringement
                    99k85 k. Preliminary Injunction.
Most Cited Cases

**Injunction 212 ⚷138.39**

212 Injunction
    212IV Preliminary and Interlocutory Injunctions
        212IV(A) Grounds and Proceedings to Procure
            212IV(A)3 Subjects of Relief
                212k138.36 Contracts
                    212k138.39 k. Noncompetition Covenants or Agreements. Most Cited Cases

**Trademarks 382T ⚷1704(2)**

382T Trademarks
    382TIX Actions and Proceedings
        382TIX(F) Injunctions

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

382Tk1701 Preliminary or Temporary Injunctions
382Tk1704 Grounds and Subjects of Relief
382Tk1704(2) k. Infringement in General. Most Cited Cases

Public interest favored granting preliminary injunction against former employees who likely violated non-competition or non-disclosure agreements with employer and competitor that likely violated employer's copyrights and trademarks, since public had interest in enforcing restrictive covenants that protected business interests and public had interest in preventing misleading and deceptive use of trademarks or infringement of copyrights.

**[7] Federal Courts 170B ⟨⟩815**

170B Federal Courts
 170BVIII Courts of Appeals
  170BVIII(K) Scope, Standards, and Extent
   170BVIII(K)4 Discretion of Lower Court
    170Bk814 Injunction
     170Bk815 k. Preliminary Injunction; Temporary Restraining Order. Most Cited Cases

District court did not abuse its discretion in granting motion for preliminary injunction, where defendants failed to demonstrate on appeal that any fact found by district court was clearly erroneous or that any conclusion of law drawn from those facts was in error.

**Trademarks 382T ⟨⟩1800**

382T Trademarks
 382TXI Trademarks and Trade Names Adjudicated
  382Tk1800 k. Alphabetical Listing. Most Cited Cases
TransFormer.

***402** Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (CA-04-3418-RDB).

**ARGUED:** Timothy Guy Smith, Silver Spring, Maryland, for Appellants. Douglas Glenn Edelschick, McDermott, Will & Emery, L.L.P., Washington, DC, for Appellee. **ON BRIEF:** Melise Blakeslee, Sarah E. Hancur, McDermott, Will & Emery, L.L.P., Washington, DC; Scott H. Phillips, Semmes, Bowen & Semmes, Baltimore, Maryland, for Appellee.

Before WILKINS, Chief Judge, and TRAXLER and KING, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion. Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).PER CURIAM.

**\*\*1** Plaintiff Bowe Bell + Howell Company (BBH) brought an action against Defendants, Document Services, Inc. d/b/a Trans-Print Services (TPS) and several individuals associated therewith, alleging ***403** federal copyright and trademark infringement and related state law claims. BBH moved for a preliminary injunction to enjoin Defendants from conducting any business related to a software package called TransFormer. The district court granted BBH's motion and Defendants appeal from this order. We affirm.

I.

In 1997, BBH purchased the assets of The Harris Group for $5,000,000. The Harris Group's primary asset included TransFormer and its intellectual property rights-such as the software's copyrights, trademarks, and exclusive right to license-and its related trade secrets and software "know-how," which included the provision of software maintenance to TransFormer users. The individual Defendants were all employees or shareholders of The Harris Group. In fact, Defendants Albert Harris and Michael Brooks originally developed TransFormer.

After BBH's purchase, the individual Defendants continued to work in some capacity for BBH. To protect TransFormer's intellectual property rights and trade secrets, BBH required its employees and customers to agree to keep confidential all proprietary information related to TransFormer. Employees signed either a nondisclosure or a noncompetition agreement, or both. Customers purchasing the product agreed to certain licensing terms, which

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

145 Fed.Appx. 401
145 Fed.Appx. 401, 2005 WL 1655030 (C.A.4 (Md.)), 2005 Copr.L.Dec. P 29,029
(Cite as: 145 Fed.Appx. 401)

Case 5:07-cv-00347-D   Document 9-2   Filed 09/10/2007   Page 4 of 5

Page 4

prohibited sharing the product with others without BBH's prior written consent.

Over time, the individual Defendants voluntarily resigned or were terminated from their employment at BBH. Before Defendant Brooks left BBH, however, he sent Defendant Harris, who had already left the company, BBH's 267-page customer list containing hundreds of customer names, contact information, and service histories. This list was saved on a password protected BBH server which was securely stored in BBH's Baltimore office and accessible only by BBH employees.

After leaving BBH, Defendant Brooks incorporated TPS, and the other individual Defendants associated themselves with TPS in some capacity. TPS advertised itself in a press announcement as having been formed by "the original developer and owner of The Harris Group's ... software" and as "an alternative vendor for users of the TransFormer ... perform[ing] software maintenance and provid[ing] programmer coding services." J.A. 41. In all, the announcement made eleven references to the registered trademark, "TransFormer," and also mentioned The Harris Group and BBH several times.

After a two-day hearing, the district court issued a written order granting BBH's motion for a preliminary injunction and enjoining Defendants from conducting any business relating to TransFormer. In reaching its decision, the district court applied the four-factor test relevant to determining whether injunctive relief is appropriate in a given case. The district court examined (1) the likelihood of irreparable harm to the plaintiff if injunctive relief were denied; (2) the likelihood of harm to the defendant if relief were granted; (3) the likelihood of success on the merits; and (4) the public interest. *See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 195-97 (4th Cir.1977)*.

**2 [1] In considering these factors, the district court found the irreparable harm to BBH in denying the injunction substantially greater than the harm to Defendants in granting the injunction. The district court concluded that the balance of hardships plainly favored BBH in large part because the evidence demonstrated a likelihood of success on the merits as to several **404 of BBH's claims for misappropriation of trade secrets, trademark and copyright infringement, and breach of noncompetition and nondisclosure agreements. Many of these violations, the district court noted, could not be compensated by money damages alone. In contrast, the district court determined that the harm to Defendants was relatively small because TPS's business was still evolving and involved working with other software products aside from TransFormer. The district court further pointed out that the individual Defendants, who are well-educated, can work with other types of computer software too.

[2][3][4][5] Particularly with respect to BBH's likelihood of success on the merits, the district court determined that in "cop[ying] the TransFormer source code from the licensee" onto the TPS computer and using TransFormer to service customers, J.A. 1452, TPS likely violated the TransFormer License Agreement. Further, in using the registered trademark, "TransFormer," eleven times in its press announcement, TPS's advertising was likely to cause, and continue to cause, confusion in the marketplace. While employed by BBH, moreover, Defendant Brooks' transmission of BBH's customer list to Defendant Harris, who was no longer employed with BBH, likely misappropriated a BBH trade secret. Finally, the district court found that many of the individual Defendants' association with TPS likely violated either their noncompetition or nondisclosure agreements with BBH.

[6] The district court also determined that the public interest favored granting the injunction. The district court reasoned that the public has an interest in enforcing restrictive covenants that protect business interests, and that the public has an interest in preventing the misleading and deceptive use of trademarks or the infringement of copyrights.

After having thoroughly analyzed the evidence presented by the parties with respect to each factor, the district court concluded that all the relevant factors weighed in favor of granting BBH's motion

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 5:07-cv-00347-D   Document 9-2   Filed 09/10/2007   Page 5 of 5

145 Fed.Appx. 401                                                                                                       Page 5
145 Fed.Appx. 401, 2005 WL 1655030 (C.A.4 (Md.)), 2005 Copr.L.Dec. P 29,029
**(Cite as: 145 Fed.Appx. 401)**

for preliminary injunction and, accordingly, issued an order to that effect.

## II.

[7] "We review the grant or denial of a preliminary injunction for abuse of discretion, recognizing that 'preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances.' " *MicroStrategy, Inc. v. Motorola, Inc.,* 245 F.3d 335, 339 (4th Cir.2001) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.,* 952 F.2d 802, 816 (4th Cir.1991)). "We review factual determinations under a clearly erroneous standard and legal conclusions de novo." *Safety-Kleen, Inc. (Pinewood) v. Wyche,* 274 F.3d 846, 859 (4th Cir.2001).

**\*\*3** After careful consideration of the parties' positions, both as presented in their briefs and at oral argument, we find nothing in the record to suggest that the district court abused its discretion in granting BBH's motion for preliminary injunction. Defendants have failed to demonstrate that any fact found by the district court is clearly erroneous or that any conclusion of law drawn from those facts is in error. Accordingly, we affirm based on the well-reasoned opinion of the district court.

*AFFIRMED*

C.A.4 (Md.),2005.
Bowe Bell & Howell Co. v. Harris
145 Fed.Appx. 401, 2005 WL 1655030 (C.A.4 (Md.)), 2005 Copr.L.Dec. P 29,029

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.