UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:07-CV-347-D

| | |
|---|---|
| LULU ENTERPRISES, INC., ) | |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S MOTION FOR** |
| ) | **EXPEDITED DISCOVERY** |
| ) | |
| v. ) | **FED. R. CIV. P. 26, 30, 34** |
| ) | |
| N-F NEWSITE, LLC, ) | |
| ) | |
| and ) | |
| ) | |
| HULU TECH, INC., ) | |
| ) | |
| Defendants. ) | |

NOW COMES Plaintiff Lulu Enterprises, Inc. ("Plaintiff" or "Lulu") pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, and moves the Court for and order allowing it to conduct expedited discovery prior to the hearing on Lulu's separate Motion for Preliminary Injunction. Specifically, Lulu seeks expedited responses, by Monday, September 17, 2007 to its First Set of Interrogatories and Requests for Production of Documents to Defendant N-F NewSite, LLC ("NF") (attached as Exhibit 1 hereto), and its First Set of Interrogatories and Requests for Production of Documents to Defendant Hulu Tech, Inc. ("Hulu Tech") (attached hereto as Exhibit 2). Lulu also seeks limited depositions of each of the Defendants to take place on Tuesday, September 18, 2007 (as set forth in the Notices of Deposition attached hereto as Exhibits 3 and 4). In support thereof, Lulu states as follows:

1. As alleged in the Complaint, and explained in detail in the Memorandum in Support of Plaintiff's Motion for Preliminary Injunction, Lulu will suffer irreparable harm if Defendants are not enjoined from their conduct in using and promoting the HULU name and mark.

2. In order to prepare its case prior to a preliminary injunction hearing, to fully assess and mitigate the extent of its damages, and to avoid further irreparable harm in the interim, Lulu needs to obtain certain limited discovery from Defendants on an expedited basis. To be useful for these purposes, such discovery cannot be noticed and completed within the usual time allowed by the Federal Rules of Civil Procedure.

3. Lulu seeks expedited discovery limited in subject matter to Defendants' present and planned future use of its infringing HULU marks and to the origins of those marks. Lulu seeks to discover this information so that it can discover the extent of Defendants' unlawful activity and the participation, if any, of others in that activity. With that information, Lulu can take measures to mitigate its damages, and fully apprise the court of the bases for its Motion for Preliminary Injunction.

4. Any inconvenience to Defendants is minimal, and is greatly outweighed by the prejudice Lulu will suffer without expedited discovery.

5. This Motion is made in good faith, and for good cause shown herein, as more fully explained in the supporting brief filed concurrently with this Motion.

WHEREFORE, for the foregoing reasons, and for those set forth in Plaintiff's supporting memorandum of law Plaintiff moves this Court for an order allowing limited expedited discovery in this case by (a) requiring Defendants to produce documents for

inspection and to otherwise respond to Lulu's written discovery requests attached as Exhibits 1 and 2 hereto by on or before September 17, 2007; and (b) requiring each of the Defendants to appear for depositions on September 18, 2007 as set forth in the Notices of Deposition attached as Exhibits 3 and 4 hereto—but providing that such limited depositions shall not preclude Plaintiff from conducting full depositions at a later time. Further, due to the nature of this motion, respectfully requests that the Court rule on this Motion on an expedited basis.

Respectfully submitted this the 10th day of September, 2007

ELLIS & WINTERS LLP

/s/ Leslie C. O'Toole
Leslie C. O'Toole
N.C. Bar No. 13640
Thomas H. Segars
N.C. Bar No. 29433
Ellis & Winters LLP
P.O. Box 33550
Raleigh, North Carolina 27636
(919) 865-7000
*Counsel for the Plaintiff*
*Lulu Enterprises, Inc.*