UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:07-CV-347-D

| | |
|---|---|
| LULU ENTERPRISES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| N-F NEWSITE, LLC, | ) ) ) |
| and | ) ) |
| HULU TECH, INC., | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Lulu Enterprises, Inc. ("Lulu") seeks expedited discovery from Defendants N-F NewSite, LLC ("NF") and Hulu Tech, Inc. ("Hulu Tech") regarding narrowly-defined topics relating to Defendants' unlawful use of the HULU name and marks. Such discovery is essential to Lulu's ability to mitigate its damages, prevent further irreparable harm, and fully apprise the court of the facts relevant to its separate Motion for Preliminary Injunction. As set forth in detail below, Lulu's motion is well-supported under any of the standards courts have used to evaluate such motions, is made in good faith, and poses little, if any, risk of harm to Defendants. Lulu therefore respectfully requests that the Court grant its Motion, and order defendants to provide the discovery sought in the Exhibits attached thereto.

**FACTUAL BACKROUND**

In the interest of brevity, Lulu incorporates by reference that portion of its memorandum of law in support of its motion for preliminary injunction (on file with the Court) that sets forth the factual background of this dispute.

**LEGAL STANDARD**

An order permitting the expedited discovery Lulu seeks is within the sound discretion of the Court.  See Fed. R. Civ. P. 30(a)(2)(C) ("A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if . . . a party seeks to take a deposition before the time specified in Rule 26(d)"); Fed. R. Civ. P. 33(a) ("Without leave of court or written stipulation, interrogatories may not be served before the time specified in Rule 26(d)."); Fed. R. Civ. P. 34(b) ("Without leave of court or written stipulation, a request may not be served before the time specified in Rule 26(d)."). When a party seeks injunctive relief, it is common for courts to allow expedited discovery prior to a hearing on injunctive relief. See, e.g., Sports Design & Development, Inc. v. Schoneboom, 871 F. Supp. 1158 (N.D. Iowa 1995).

To determine whether expedited discovery is appropriate in a given case, this Court has held that a "good cause" or "reasonableness" standard should be applied, taking into account "the totality of the circumstances . . . in keeping with discretion bestowed upon the court in the Federal Rules of Civil Procedure." Dimension Data North America, Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 531 (E.D.N.C. 2005). In so doing, this Court rejected the more rigid approach reflected in the oft-cited opinion in Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y.1982), which adopted a four-prong test

that tracks the standard for issuing preliminary injunctive relief, and which this Court, until its decision in <u>Dimension Data</u>, employed itself.  See <u>Crown Crafts, Inc. v. Aldrich</u>, 148 F.R.D. 151, 152 (E.D.N.C. 1993).  Under that test, the plaintiff must demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted."  <u>Notaro v. Koch</u>, 95 F.R.D. at 405.

As explained below, Lulu satisfies both of these tests, warranting an order permitting it to engage in expedited discovery.

## ARGUMENT

In its Complaint, motions for temporary restraining order and preliminary injunction, supporting briefs, and supporting affidavits (all of which Lulu incorporates herein by reference); Lulu has demonstrated that each of that factors set forth in <u>Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg, Co.</u>, 550 F.2d 189, 196 (4th Cir. 1977), which govern the issuance of preliminary injunctions, militate in favor of issuing the injunctive relief that it requests.  More particularly, Lulu has shown (1) that it will suffer irreparable harm if the injunctive relief he requests is not issued, (2) that Defendants will suffer no harm if the injunctive relief is issued, (3) that Lulu is likely to succeed on the merits of its claims, and (4) that the public interest supports issuing the injunctive relief Lulu requests.  Accordingly, Lulu easily satisfies the first two factors on the <u>Notaro</u> analysis, namely, that it faces irreparable injury from Defendants' conduct, and that it has a strong likelihood of success on the merits of its claims.  Lulu can also

satisfy the remaining requirements under the Notaro test – essentially, that some special or unusual circumstances justify allowing expedited discovery and threaten Lulu with irreparable harm if the expedited discovery is not allowed that outweighs any similar harm to Defendants.

Most fundamentally, Lulu will suffer great prejudice if it waits to conduct discovery on the distinct topics that form the factual basis for its motion for temporary restraining order and preliminary injunction, namely, (1) the Defendants' past, present, and intended use of the Hulu, HULU and HULU.COM marks; and (2) the origins of those marks. Lulu has an urgent need for that information so that it may assess the extent of, and mitigate, its damages. See Physicians Interactive v. Lathian Sys., Inc., No. CA 03-1193-A, 2003 WL 23018270, *4, *10 (E.D. Va. Dec. 5, 2003) (permitting expedited discovery so as to enable plaintiff to assess the full extent of dissemination of confidential, proprietary, and trade secret information and to prevent further dissemination or manipulation of same) (attached as Exhibit A).

With respect to the first category of information—the past, present, and intended future use of the offending marks—Lulu's ability to prevent the continuing diversion of customers confused by the similarity of Defendants' marks and services hangs in the balance. As alleged in the Complaint, Lulu is aware that Defendants are using and promoting the HULU.COM website, which itself threatens to siphon away Lulu's prospective customers. But due to the pervasive presence in the public eye of Defendants' affiliates—NBC and News Corp.—Defendants might well be using and promoting the HULU marks in any number of other ways, and in any number other forums. Because all uses of the HULU marks pose a threat of irreparable harm, Lulu

4

must, in order to accurately assess and respond, be permitted to determine the extent of Defendant's activities, both present and planned, as soon as possible.

As to the second category of information—the origins of the HULU marks—Lulu strongly suspects that Defendants' responses may reveal that Lulu's rights in its marks have been violated by other individuals who dealt with Defendants. Such individuals' or activities might also pose a continuing risk of irreparable harm to Lulu's business, and thus Lulu must be permitted to determine their identity and activities in connection with the HULU marks.

The expedited discovery Lulu seeks, moreover, does not pose an unreasonable burden on Defendants. The discovery is narrowly tailored to request only information necessary to accomplish Lulu's immediate objectives: mitigating its damages with respect to the short-term business opportunities being diverted by Defendants' activities; protecting against further threats to its prospects and viability as a successful business; and preparing for a hearing on Lulu's requested preliminary injunctive relief. As a result, in the words of the Notaro court, "the injury that will result [to Lulu] without expedited discovery looms greater than the injury that [Defendants] will suffer if the expedited relief is granted." Notaro, 95 F.R.D. at 405.

Finally, allowing Lulu's motion is in the interest of justice because it would ensure that the Court will have a complete factual record before it when ruling on Lulu's motion for a preliminary injunction.

In sum, it is clear that under both Notaro's four part test, as well as the more flexible "good cause" test adopted by this court in Dimension Data, Lulu should be

permitted to engage in expedited discovery concerning the limited matters necessary to support its motion for a preliminary injunction.

## CONCLUSION

Lulu has, as set forth above, satisfied the requirements for obtaining expedited discovery. Therefore, based on the foregoing, Lulu respectfully requests that the Court allow its Motion for Expedited Discovery.

Respectfully submitted this the 10th day of September, 2007.

ELLIS & WINTERS LLP

/s/ Leslie C. O'Toole
Leslie C. O'Toole
N.C. State Bar. No. 13640
Thomas H. Segars
N.C. State Bar. No. 29433
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
*Attorneys for Lulu Enterprises, Inc.*