UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:07-CV-347-D

| | |
|---|---|
| LULU ENTERPRISES, INC., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| N-F NEWSITE, LLC, | ) ) |
| and | ) ) |
| HULU TECH, INC., | ) ) |
| Defendants. | ) ) |

### AFFIDAVIT OF ROBERT YOUNG

Robert Young, upon being duly sworn, states as follows:

1. My name is Robert Young, and I am over twenty-one (21) years of age. I am the founder and chief executive officer of Plaintiff Lulu Enterprises, Inc. ("Lulu"). I make this affidavit based on personal knowledge and, if called to testify, could and would testify to the matters set forth herein.

2. Since I founded Lulu in 2002, Lulu has operated web-based digital publishing and media distribution services from its Morrisville, North Carolina headquarters. Lulu provides, under its distinctive LULU name and mark, and through related names and marks such as LULU.COM and LULU.TV, tools for creators to publish books, music files, audio files, videos, and images digitally. The LULU.COM website provides an online store for creators to sell their books, videos, images, and other works to the public. The LULU.TV website enables consumers

to view video, audio, images, and podcast content, where creators receive a share of advertising revenue. Attached to Lulu's Complaint in this matter as Exhibits A and B, respectively, are true and accurate copies of pages from the LULU.COM website and pages from the LULU.TV website.

3. Lulu's business consists primarily of hosting digital content from publishers and owners including authors, educators, video makers, musicians, businesses, professionals, and amateurs, enabling them to bring their products and services to their markets online via the Internet. As such, Lulu eliminates traditional entry barriers to publishing. First, content creators and owners use Lulu's tools to format their digital content. Then they take advantage of Lulu's dedicated marketplace, custom storefronts and advanced listing and distribution services to make their books, videos, CDs, DVDs, calendars, reports and more available to as many, or as few, people around the world as they like, earning 80% of all creator revenue, of which millions of dollars has already been paid out.

4. Lulu's success over the past five years under its LULU names and marks has been phenomenal. Lulu has nearly 1.2 million registered users of its services in more than 80 countries. Moreover, with approximately 15,000 new registrations a week and 100,000 unique visitors everyday, Lulu is growing. Lulu has opened corporate offices in the United States, the United Kingdom, and Canada. Lulu provides portals geared to customers in several countries and languages, including LULU: USA, LULU: UK, LULU: GERMAN, LULU: SPANISH, LULU: FRENCH, LULU: ITALIAN, and LULU: DUTCH portals. LULU.COM has been a top 2500 worldwide website on Alexa.com, and in 2007, Lulu won a Web 2.0 Award as the best website for books. LULU.TV has garnered widespread attention and publicity in online media as well as traditional local and national media, such as *The News & Observer* and *The New York Times*.

True and accurate copies of some of those articles are attached to Lulu's Complaint in this matter as Exhibit C.

5. Lulu's reputation and goodwill, developed over years of service, are embodied in Lulu's distinctive and well-known LULU names and marks.

6. Lulu has received considerable unsolicited attention and coverage -- in the online media and traditional media -- focusing on its LULU products and services.

7. Lulu has used and promoted its LULU names and marks in commerce continuously since 2002. Lulu operates two websites incorporating its LULU mark: LULU.COM and LULU.TV. Lulu owns and uses many more domain names internationally, all using the "Lulu" name with a localized country extension – such as LULU.NL and LULU.DE, for example. Information regarding the domain name registration for LULU.COM and LULU.TV is attached to Lulu's Complaint in this matter as Exhibit D.

8. Lulu owns the following five applications for its LULU marks with the USPTO:

| MARK | SERIAL NO. | FILING DATE | CLASSES |
| --- | --- | --- | --- |
| LULU | 78/155,152 | August 16, 2002 | 35, 41, and 42 |
| LULU.COM | 77/217,955 | June 28, 2007 | 9, 16, 18, 25, 35, 38, 41, and 42 |
| LULU and Design | 77/217,960 | June 28, 2007 | 9, 16, 25, 35, 38, 41, and 42 |
| LULU and Design | 77/226,519 | July 11, 2007 | 9, 16, 18, 25, 35, 41, and 42 |
| LULU STUDIO | 77/257,646 | August 17, 2007 | 42 |

Attached to Lulu's Complaint in this matter as Exhibit E are printouts obtained from the USPTO website for LULU federal trademark applications.

3

9. Lulu's LULU marks are inherently distinctive. In addition, through widespread and successful use, promotion, and recognition, the LULU marks have acquired strong secondary meaning.

10. On or about August 29, 2007, Defendant N-F NewSite, LLC ("NF") announced that it would begin using marks nearly identical to Lulu's marks -- HULU and HULU.COM -- to promote services that are closely related to Lulu's services -- a website featuring digital video content. A true and accurate copy of NF's announcement, obtained from the HULU.COM website, is attached to Lulu's Complaint in this matter as Exhibit F.

11. Since learning of that announcement, Lulu has determined that on August 22, 2007, Defendant NF also filed with the USPTO an application seeking to register the HULU mark for various products and services, many of which are related to, and even identical to, the services that Lulu provides under its LULU marks. A true and accurate copy of the status report for NF's USPTO application, obtained from the uspto.gov website, is attached to Lulu's Complaint in this matter as Exhibit G. The actual descriptions of the products and services for which NF seeks to register the HULU mark, quoted below, bear a striking resemblance to the services that Lulu provides under its LULU marks. They include:

> Recordable and pre-recorded media, namely, DVDs, CDs, music video interactive discs (MVIs), video and audio cassettes, laser discs; digital media, namely, streaming or downloadable audio-visual content in the fields of news, entertainment, sports, comedy, drama, music, and music videos; computer software, namely, downloadable players for audio-visual content, software tools for editing of audio-visual content, video search and annotation software, content protection software, ad tracking and optimization software, video game software, interactive game programs, software platform for providing programmatic interfaces for third parties to access website content and data
> . . .
> Business-to-business advertising; online banner advertising and marketing services; online retail services featuring streaming or downloadable audio-visual content in the fields of news, entertainment, sports, comedy, drama, music, and music videos

4

> ...
>
> Broadcasting and streaming of audio-visual content in the fields of news, entertainment, sports, comedy, drama, music, and music videos via a global computer network; transmission of downloadable audio-visual content in the nature of full-length, partial-length, and clips from motion pictures, television programming, videos, music videos, and music; transmission of video and interactive games; podcasting and webcasting services; online forums, chat rooms, listservs and blogs over the Internet; providing online electronic bulletin boards for transmission of messages among users in the field of general interest; web messaging services; video-on-demand transmission services
>
> ...
>
> Education and entertainment services, namely online services providing audio-visual content in the fields of news, entertainment, sports, comedy, drama, music, and music videos; providing interactive online games; providing online information via a global computer network on the subjects of motion pictures, television programming, videos, music videos, and music; providing online interactive resource and programming guides on the subjects of motion pictures, television programming, videos, music videos, and music; electronic publishing services, namely publication of text, graphics, photographs, images, and audio-visual work of others; online electronic publishing services, namely publication of audio-visual content of others; online; production, distribution, and rental of audio-visual works in the fields of news, entertainment, sports, comedy, drama, music, and music videos; rental of video games; production of video and computer game software
>
> ...
>
> Computer services, namely, providing a website featuring audio-visual content in the fields of news, entertainment, sports, comedy, drama, music, and music videos; providing a website featuring video and interactive games; hosting of digital content on the Internet; hosting and maintaining an online community featuring audio-visual content in the fields of news, entertainment, sports, comedy, drama, music, and music videos; providing programmatic interfaces for third parties to access website content and data.

*See* Lulu's Complaint at Ex. G (emphases added); *compare id. with* Lulu's Complaint at Ex. E (describing the products and services for which Lulu earlier sought to register its LULU marks).

12.   Lulu is, and has been for the last five years, serving the markets that Hulu has announced their intentions to enter; namely web-based markets for digital content, including electronic files and physical versions of: books, music, photography, and video. Moreover, the products and services currently offered by Lulu are similar to the products and services that Hulu intends to serve and on which Hulu has announced an intention to use its marks.

13.     In addition, Defendant Hulu Tech, Inc. has registered the HULU.COM domain name, which Defendants are now using and promoting. A copy of the domain name registration information for HULU.COM, obtained from the www.thebigwhois.com website, is attached to Lulu's Complaint in this matter as Exhibit H.

14.     Defendants' HULU mark and domain name clearly create a likelihood of confusion with Lulu's prior LULU marks and names. In fact, a number of news articles and online blogs have already noted the striking similarity between HULU and LULU, commenting as follows:

- "Hulu's A Lulu Of A Name . . . 'Come on,' pleaded Forrester Research analyst James McQuivey. 'It sounds like they figured that all the good company names were already taken.'" Gavin O'Malley, *Hulu's a Lulu of a Name*, Online Media Daily, Aug. 30, 2007 (available at http://publications.mediapost.com)

- "Hulu: NBC And Fox Hope It's a Real 'Lulu'" Julia Boorstin, *Hulu: NBC And Fox Hope It's a Real 'Lulu'*, CNBC.com, Aug. 29, 2007 (available at http://www.cnbc.com)

- "Reminds me of Lulu (what, with only one letter differentiating it)." Posting of "Sam" to Mashable! - The Social Networking Blog, http://mashable.com (Aug. 29, 2007, 11:59:16).

- "It also sounds a lot like Lulu, a custom online book publisher I've written about." *News Corp.-NBC site has a name: Hulu*, Media Biz With Paul R. La Monica, http://mediabiz.blogs.cnnmoney.com (Aug. 29, 2007).

Copies of these publications are attached to Lulu's Complaint in this matter as Exhibit I.

15.     Defendants' HULU mark and domain name unfairly trade upon the goodwill that Lulu has established in its LULU names and marks. Defendants' use of a closely similar name and mark to promote closely related services creates a likelihood of confusion, and causes consumers, potential consumers, the public, regulators, and the trade to believe mistakenly that Defendants are affiliated with, connected with, sponsored by, approved by, or otherwise

associated with Lulu, and that Defendants' HULU services are authorized by, supplied by, licensed by, or otherwise associated with Lulu and its LULU services. That prospect would deal a devastating blow to Lulu's growing business.

16. In an effort to mitigate the confusion and harm that has already occurred – and to prevent any further confusion or harm from occurring – Lulu is seeking to have Defendants enjoined as set forth more particularly in Lulu's filings with the Court.

17. The resulting harm to Lulu's goodwill is – and, unless Defendants are enjoined as Lulu as requested, will continue to be – acute. The reputation that Lulu has developed over five years is now in the hands of entities to which Lulu gave no authorization and over which Lulu has no control. I am particularly concerned about the likelihood of confusion and the potential for harm to Lulu, given that Hulu is controlled by an affiliate of NBC and News Corp. – two of the world's largest media outlets. As such, Defendants and their affiliates appear to possess the financial resources and access to media outlets necessary to broadly propagate – and, in fact, quickly saturate the market with – Hulu's infringing name and marks. If that happens, it could lead not only to widespread confusion and damage to Lulu, but also to a false perception among those in the marketplace who do not know otherwise that Lulu (the pre-existing but smaller, privately owned, start-up company) is the one infringing upon Hulu's name and marks.

FURTHER, AFFIANT SAITH NOT.

*ROBERT YOUNG*

STATE OF NORTH CAROLINA
COUNTY OF __Wake__

On this __10th__ day of __September__, 2007, before me, personally appeared Robert Young, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained and made oath to the truth of the foregoing and to be his free act and deed.

Before me __Elizabeth C. Broadwater__
Notary Public

My commission expires: __12 March 2008__

*[Notary Seal: ELIZABETH C. BROADWATER, NOTARY PUBLIC, WAKE COUNTY, N.C.]*

8