IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-cv-00347-D

LULU ENTERPRISES, INC.,

      Plaintiff,

vs.

N-F NEWSITE, LLC,

and

HULU TECH, INC.,

      Defendants.

**MEMORANDUM OF DEFENDANT N-F NEWSITE, LLC IN RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY (Pursuant to Local Rule 7.1(e))**

      To prepare for a hearing on a Plaintiff's Motion for Preliminary Injunction, which has not yet been scheduled, Plaintiff has filed a Motion for Expedited Discovery seeking to compel Defendant N-F NewSite, LLC ("NewSite") to respond to interrogatories and to produce voluminous documents potentially covering a five-year time period by Monday, September 17, 2007, as well as to provide testimony in a Rule 30(b)(6) deposition at a location more than 2500 miles away from NewSite's office on Tuesday, September 18, 2007.

      For the reasons contained herein and in NewSite's contemporaneously filed Memorandum in Support of its Motion for Expedited Discovery, NewSite requests that this Court modify the expedited discovery schedule proposed by Plaintiff to allow mutual, limited, expedited discovery, to allow the parties reasonable time to complete the expedited discovery

prior to the as yet unscheduled hearing on Plaintiff's Motion for Preliminary Injunction, and to require the parties to take any depositions in the forum where the deponent resides.[1]

## NATURE OF MATTER BEFORE THE COURT

On September 5, 2007, Plaintiff filed this action against NewSite and an alleged entity called "Hulu Tech, Inc."[2] asserting various claims, including unfair competition, federal cyberpiracy, unfair and deceptive trade practices and common law trademark infringement and unfair competition. *See* Compl., Counts I-IV. On September 10, 2007, NewSite was served with a copy of the Complaint through its registered agent for service in California. *See* Decl. of Jason Kilar ¶ 4 (attached as Ex. A).

On September 10, 2007, Plaintiff filed motions for a temporary restraining order, a preliminary injunction, and expedited discovery. Plaintiff mailed by regular, first-class mail copies of the motions to NewSite on September 10. The undersigned counsel, however, became aware of the motions on the afternoon of September 10 and promptly made an appearance on behalf of NewSite on Tuesday, September 11, 2007.

## STATEMENT OF THE FACTS

NewSite is a Delaware limited liability company with its principal office located at 12312 West Olympic Boulevard, Los Angeles, California. *See* Compl. ¶ 6; *see also* Kilar Decl. ¶ 5. The Los Angeles office is the company's only office in the United States. *See* Kilar Decl. ¶ 6. NewSite does not employ anyone in North Carolina. *See* Kilar Decl. ¶ 6.

---

[1] By filing this response, NewSite does not waive any defenses, including its right to assert this Court does not have personal jurisdiction over NewSite.

[2] NewSite is not associated with or familiar with Hulu Tech, Inc. In fact, NewSite has not been able to confirm that any such entity exists. The undersigned counsel inadvertently filed notices of appearance on behalf of Hulu Tech, Inc. on Tuesday, September 11, 2007. Accordingly, earlier today counsel filed a motion to withdraw its representation of Hulu Tech, Inc. as counsel has not had any communications with any representative of any such company.

In its motion for expedited discovery, Plaintiff requests that the Court order NewSite to respond to interrogatories and a broad range of document requests by Monday, September 17 and to appear in Cary, North Carolina, a location more than 2500 miles from NewSite's Los Angeles office, for a Rule 30(b)(6) deposition on Tuesday, September 18, 2007. *See* Pl. Mot. Expedited Discovery, Exs. 1-4.

## ARGUMENT

**I.    Plaintiff Has Not Met its Burden to Show Irreparable Harm if Discovery is Delayed.**

The Federal Rules of Civil Procedure allow a court to order expedited discovery in limited circumstances. *See* Fed. R. Civ. P. 26(d), 30(a), 33(b), 34(b) and 36. The Rules, however, do not specify the standard for evaluating such a motion. *See Dimension Data N. Am., Inc. v. Netstar-1, Inc.*, 226 F.R.D. 528, 530 (E.D.N.C. 2005). Courts across the country are split on the appropriate standard. *See, e.g.*, *id.* (applying a totality of the circumstances test and a reasonable and good cause analysis); *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (applying a four factor test utilizing several of the factors considered in a preliminary injunction).

The Fourth Circuit has not yet determined the appropriate standard in this circuit, however, at least one other court in this district has found it appropriate to base the standard upon "reasonableness or good cause, taking into account the totality of the circumstances." *See Dimension*, 226 F.R.D. at 531. In applying this standard, the *Dimension* court analyzed several factors to determine the reasonableness of the request for expedited discovery, including the following:

- The timing of the motion;
- Whether the requests were narrowly tailored to obtain information relevant to a preliminary injunction determination;

- Whether the plaintiff had made a sufficient showing that it would be irreparably harmed by delaying the broad-based discovery requested; and

- Whether the discovery sought would be available in the future or would be subject to pending destruction if not taken immediately.

*See id.* at 532.

In *Dimension*, the Court denied plaintiff's motion for expedited discovery finding that (1) the timing of the motion was premature as no hearing for preliminary injunction was pending; (2) the requests were not narrowly tailored as they covered a broad range of defendant's business practices during a time period that was not relevant; and (3) the plaintiff had not made an adequate showing that it would be irreparably harmed by delaying the discovery. *See id.*

Similarly, Plaintiff's motion for expedited discovery as presented should be denied. It seeks to impose an unreasonable time period for responding to discovery requested by Plaintiff. NewSite does not object to the parties obtaining mutual, reasonable, limited discovery prior to a hearing on Plaintiff's motion for preliminary injunction.[3] NewSite, however, does object to Plaintiff's request to respond to interrogatories and produce voluminous documents four days from now and to appear at a deposition 2500 miles away on Tuesday, September 18.

No good cause exists to require NewSite to respond to such burdensome discovery prior to a hearing on Plaintiff's Motion for a Temporary Restraining Order. Plaintiff's own motion does not seek this discovery prior to the hearing on its Motion for Temporary Restraining Order, but instead requests the expedited discovery "[i]n order to prepare its case prior to a *preliminary injunction hearing*." Pl. Mot. ¶ 2. Nowhere in its motion does Plaintiff assert the discovery is necessary prior to the hearing on the *temporary restraining order*. Because Plaintiff has not

---

[3] NewSite reserves and does not waive any objections (e.g., privilege, relevance, overbreadth, etc.) to the individual discovery requests served by Plaintiff.

demonstrated the necessity to have the information before the hearing on the temporary restraining order, Plaintiff's motion should be denied.

Additionally, Plaintiff has not shown that it would be irreparably harmed by a short delay in discovery. Plaintiff's own exhibit to the Complaint notes that NewSite does not intend to launch the private beta until October 2007, *see* Compl. Ex. F, which is at least two and a half weeks away. Consistent with NewSite's representation filed under seal concerning its anticipated time to launch the beta version, ample time exists for the parties to agree upon a reasonable schedule for expedited discovery prior to a hearing on Plaintiff's Motion for Preliminary Injunction.

As Plaintiff's Motion for Expedited Discovery proposes an extremely short period of time to gather extensive documents without showing any need for the documents prior to the hearing for the preliminary injunction or any irreparable harm to the Plaintiff from a short delay, Plaintiff's motion should be denied.

II.  **Plaintiff Has Not Asserted Any Facts to Justify Overcoming the Presumption that the Deposition of a Company Should Take Place at the Company's Principal Place of Business.**

It is well-established that a deposition of a corporation through its agents or officers should normally be taken at the principal place of business of the corporation. *See McDougal-Wilson v. Goodyear Tire and Rubber Co.*, 232 F.R.D. 246, 249 (E.D.N.C. 2005); *Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988) (citing 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2112, at 403 (1970)). A party seeking to depose a company in an alternate location must overcome the presumption that the deposition should occur at the company's principal place of business. *See McDougal-Wilson*, 232 F.R.D. at 249;

*see also Turner*, 119 F.R.D. at 383 (listing factors to consider in overcoming presumption; for example, disparity in burden, convenience, and expense of the parties).

In its Notice of Rule 30(b)(6) deposition, Plaintiff seeks to depose NewSite at the offices of Plaintiff's counsel in Cary, North Carolina at 2:00 p.m. on September 18, 2007. *See* Pl. Mot. Ex. 4. Plaintiff, however, admits that NewSite's place of business is located in Los Angeles, California. *See* Compl. ¶ 6. Plaintiff has asserted no facts to overcome the presumption that the deposition should occur in the home state of NewSite. Plaintiff has not and cannot allege any financial hardship to having the depositions occur outside the litigation forum. In fact, Plaintiff repeatedly states in its Complaint how successful the company is:

> Lulu's success over the past five years under its LULU names and marks has been phenomenal. . . .
>
> LULU.COM is a top 2500 worldwide website on Alexa.com, and in 2007, Lulu won a Web 2.0 Award as the best website for books.

Compl. ¶ 8.

On the other hand, it would be burdensome for any witness designated by NewSite to travel across the country to attend a deposition in a forum where the company has no employees or offices, particularly on such short notice. Accordingly, NewSite requests that any Rule 30(b)(6) deposition of the company occur in Los Angeles, the principal place of business for NewSite.

## CONCLUSION

Based on the foregoing and the reasons specified in its contemporaneously filed Motion for Expedited Discovery, NewSite respectfully requests that the Court order the following:

1. Plaintiff and Defendant NewSite may engage in mutual, limited, expedited discovery for the purpose of preparing for the preliminary injunction hearing

without waiving and while reserving any and all objections to the individual discovery requests;

2. All depositions should occur where the deponents work, unless the parties agree to an alternative location;

3. Plaintiff and Defendant NewSite should complete the limited, expedited discovery by October 3, 2007 unless otherwise agreed;

4. Plaintiff and Defendant NewSite shall meet and confer about an appropriate schedule for the expedited discovery and submit a joint plan to the Court by Tuesday, September 18, 2007; and

5. The preliminary injunction hearing requested by Plaintiff shall not occur until the parties have completed the limited, expedited discovery.

Respectfully submitted, this the 13th day of September, 2007.

/s/ Hayden J. Silver, III
_____

Hayden J. Silver, III
NC State Bar No. 10037
jaysilver@kilpatrickstockton.com
Betsy Cooke
NC State Bar No. 25353
bcooke@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
3737 Glenwood Avenue, Suite 400
Raleigh, NC 27612
(919) 420-1700
(919) 420-1800 facsimile

William H. Brewster
GA State Bar No. 080422
bbrewster@kilpatrickstockton.com
Sara Maurer
GA State Bar No. 159056
smaurer@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
(404) 815-6500
(404) 815-6555 facsimile

*Counsel for Defendant N-F NewSite, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on this date the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System which will send notice to the following CM/ECF participants:

>Leslie C. O'Toole
>leslie.otoole@elliswinters.com
>Thomas Hamilton Segars
>tom.segars@elliswinters.com

This the 13th day of September, 2007.

/s/ Hayden J. Silver, III

KILPATRICK STOCKTON LLP
3737 Glenwood Avenue, Suite 400
Raleigh, North Carolina 27612
Telephone: (919) 420-1700

US2000 10303208.4