## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

### CASE NO. 5:07-CV-347-D

| | | |
|---|---|---|
| **LULU ENTERPRISES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **NOTICE OF DEPOSITION OF** |
| | ) | **DEFENDANT N-F NEWSITE, LLC** |
| **v.** | ) | |
| | ) | **(PURSUANT TO F.R.C.P. 30(b)(6) AND** |
| **N-F NEWSITE, LLC,** | ) | **COURT ORDER ALLOWING** |
| | ) | **EXPEDITED DISCOVERY)** |
| **and** | ) | |
| | ) | |
| **HULU TECH, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Court's Order

granting Plaintiff leave to conduct limited discovery on an expedited basis, please take notice

that on **[September 27, 2007, beginning at 10:00 a.m.]**, Plaintiff will conduct the deposition,

under oath, of Defendant N-F NewSite, LLC in Los Angeles, California at **[a mutually**

**agreeable location]** by oral examination of witness(es) designated by N-F NewSite, LLC to

testify on its behalf concerning the following subjects:

(1)    The past, current, and intended future use of the names "Hulu", "HULU",

and/or "HULU.COM" by any Defendant (including, without limitation,

the markets any Defendant has served, is serving, or intends to serve using

any such names and the goods or services any Defendant has offered, is

offering, or intends to offer using any such names);

**EXHIBIT A**

US2000 10318298.1

(2)        N-F NewSite, LLC's decision to do business under the names "Hulu",

           "HULU", and/or "HULU.COM";

(3)        The decision of any other individual or entity to do business under the

           names "Hulu", "HULU", and/or "HULU.COM";

(4)        N-F NewSite, LLC's application to the United States Patent and

           Trademark Office seeking to register the "HULU" mark;

(5)        the organization and ownership structure of N-F NewSite, LLC and its

           affiliates;

(6)        N-F NewSite, LLC's relationships and/or dealings with any branding,

           marketing, public relations or similar firm or agency regarding the use of

           the names "Hulu", "HULU", and/or "HULU.COM";

(7)        The Defendants' interests in and/or rights to the domain www.hulu.com;

(8)        N-F NewSite, LLC's relationships and/or dealings with Hulu Tech, Inc.

           and/or Hulu Consulting;

(9)        N-F NewSite, LLC's knowledge of any third party individuals or entities

           that do business under the name "Lulu", "Hulu", or any other "ulu"

           formative;

(10)       Advertising, promotion, and marketing of products or services offered for

           sale by N-F NewSite, LLC under the name or mark "Hulu", "HULU", or

           "HULU.COM";

(11)       Projected annual gross sales for goods and/or services sold under the name

           or mark "Hulu", "HULU", or "HULU.COM";

**EXHIBIT A**

US2000 10318298.1

(12)        The level of public or consumer recognition of the name or mark "Hulu",

"HULU", or "HULU.COM", including any survey of any type relating to

such names or marks;

(13)        N-F NewSite, LLC's actual or hearsay knowledge of any actual or

purported association or confusion of any type between Plaintiff and N-F

NewSite, LLC, or any of their respective goods and services;

(14)        Any efforts by N-F NewSite, LLC to enforce its mark "Hulu", including

"HULU" and "HULU.COM"; and

(15)        Licenses N-F NewSite, LLC has issued, if any, for others to use the

"Hulu" mark, including "HULU" or "HULU.COM" and any efforts N-F

NewSite, LLC has made to maintain quality control over those licenses.

Pursuant to the Court's Order granting Plaintiff leave to conduct limited discovery on an

expedited basis, the deposition shall be limited in time to four hours and shall be limited to

examination relating to the above-listed subjects.  Pursuant to Rule 30(b)(6) of the Federal Rules

of Civil Procedure, the person(s) designated by N-F NewSite, LLC under Rule 30(b)(6) should

be prepared to testify as to such matters known or reasonably available to N-F NewSite, LLC.

N-F NewSite, LLC is requested to provide plaintiff's counsel a written designation of the names

and positions of the persons designated to testify concerning the matters set forth above, and, for

each person, the matter on which he or she will testify.

.        The deposition will be taken before a Notary Public or some other officer duly authorized

by law to administer oaths and will be used for all purposes allowed by law.  The deposition will

be recorded by stenographic and/or videotaped means.  The oral examination will continue from

day to day until its completion.  The taking of this limited and expedited deposition shall not

3

**EXHIBIT A**

affect the plaintiff's ability to conduct another, full deposition of this witness during discovery on the merits.

This the _____ day of September, 2007.

ELLIS & WINTERS LLP

By: _____

Leslie C. O'Toole
N.C. Bar No. 13640
Thomas H. Segars
N.C. Bar No. 29433
Ellis & Winters LLP
P.O. Box 33550
Raleigh, North Carolina 27636
(919) 865-7000
*Counsel for the Plaintiff*
*Lulu Enterprises, Inc.*

**EXHIBIT A**

US2000 10318298.1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

### CASE NO. 5:07-CV-347-D

| | | |
|---|---|---|
| **LULU ENTERPRISES, INC.,** | ) | |
| | ) | |
| | ) | **PLAINTIFF LULU ENTERPRISES,** |
| **Plaintiff,** | ) | **INC.'S FIRST SET OF** |
| | ) | **INTERROGATORIES AND REQUESTS** |
| **v.** | ) | **FOR PRODUCTION OF DOUCMENTS** |
| | ) | **TO DEFENDANT N-F NEWSITE, LLC** |
| **N-F NEWSITE, LLC,** | ) | |
| | ) | **(PURSUANT TO COURT ORDER** |
| **and** | ) | **ALLOWING EXPEDITED** |
| | ) | **DISCOVERY)** |
| **N-F, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Pursuant to the provisions of Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff Lulu ("Plaintiff" or "Lulu"), through counsel, hereby serves on Defendant N-F NewSite, LLC ("N-F") the interrogatories and requests for production of documents below. The interrogatories are to be answered in writing, under oath, and within the time provided by the Court's Order allowing for expedited discovery in this matter. Documents responsive to the following requests for production are to be produced within the time provided by the Court's Order allowing for expedited discovery in this matter at the offices of Ellis & Winters, LLP, 1100 Crescent Green, Suite 200, Cary, North Carolina 27511.

### DEFINITIONS AND INSTRUCTIONS

Lulu alerts you in advance that it believes that your compliance with the applicable discovery rules imposes the following requirements. Lulu invites your counsel to consult with its counsel well in advance of production with respect to any of these instructions you find

**EXHIBIT A**

objectionable in order to avoid any delays in discovery.  Unless otherwise indicated, the

following definitions and instructions shall apply to these requests:

1.      "You" and "your" shall mean N-F and its present or former agents, employees,

representatives and attorneys and all other persons acting on its behalf.

2.      "Document" means all items subject to discovery pursuant to Rule 34 of the

Federal Rules of Civil Procedure.  Without limiting the generality of the foregoing, the term

"document" shall have its customary broad sense to include written or graphic matter of every kind

or description, whether printed or reproduced by any process, or written and/or produced by hand,

whether final or draft, original or reproduction, whether or not claimed to be privileged or otherwise

exempt from discovery, including but not limited to the following categories: letters,

correspondence, memoranda of telephone or personal conversations, microfilm, microfiche,

telegrams, books, magazines, newspapers, advertisements, periodicals, bulletins, circulars,

brochures, pamphlets, statements, notices, advertising layouts, trade letters, press releases, reports,

rules, regulations, directives, teletype or telefax messages, e-mails (whether in hard copy or stored

in electronic form on diskette, hard drive or other media), minutes or records of meetings,

interoffice communications, memoranda, financial statements, ledgers, books of account, proposals,

prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, diaries,

routing slips, time sheets, logs, movie tapes, records, drawings, blueprints, sketches, plans,

guidelines, graphs, charts, photographs, data processing printouts and computation (both in

existence and stored in memory), transcripts of oral statements or testimony, and any and all other

data compilations or information resources from which information can be obtained or translated, if

necessary, through detection devices into reasonably usable form.  "Document" also includes the

2

**EXHIBIT A**

original of any document in whatever medium it may exist and any copy of such original differing in any way from such original.

3.      "Identify" or "identification" when used with reference to a person shall mean to state the full name, present or last known address, and current or last known telephone number of said person.

4.      When you are asked to identify a document, please provide specific information sufficient to prepare a subpoena *duces tecum* or a document request.  Without limiting the generality of the foregoing, "identify" or "identification" when used with reference to a document shall mean to state its date, author or signer, type of document, and its present or last known location or custodian; if any document was but is no longer in your possession, custody or control, you shall state what disposition was made of the document and the reason for such disposition.

5.      "Relating to" and "related to" and "pertaining to" shall be interpreted in their broadest sense and shall be intended to mean one or more of the following, to the extent necessary to permit the broadest possible response: containing, constituting, comprising, discussing, mentioning, evidencing, reflecting, referring to, concerning, listing, detailing, explaining, compiling, summarizing, involving or bearing upon.

6.      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Complaint filed in this matter.

7.      You must review all necessary computer-readable media for responsive documents, including documents such as e-mails and databases.  If responsive documents, as that term is broadly defined in Fed. R. Civ. P. 34, are stored on computer-readable media, please export them in a commonly readable formats such as ASCI, Claris Filemaker tables, or Microsoft

3

**EXHIBIT A**

Access tables and produce them to Lulu's lawyers on floppy disk, on ZIP disks, or via electronic transmission.

8.      If you object to part of an interrogatory or document request and refuse to answer that part, state your objection and answer the remaining portion of that interrogatory or document request.  If you object to the scope or time period of an interrogatory or document request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

9.      If any of the following interrogatories or document requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions.  If your answer is qualified in any particular, please set forth the details of such qualification.

10.     Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Lulu requests that you produce a "privilege log" at the time of your production that includes, for each otherwise responsive document withheld on grounds of privilege or protection as trial preparation material, the date of the document, the name(s) of the author, the addressee(s), and any other recipients of the document or its substance; the subject of the document; the present location and custodian of the document and any copies thereof; the basis for withholding the document; and the request(s) to which the document is responsive.

11.     In producing documents, you are requested to furnish all documents or things in your actual or constructive possession, custody or control, or known or available to you, regardless of whether such documents or things are possessed directly by you or by your

4

**EXHIBIT A**

attorneys, agents, employees, representatives or investigators, and regardless of whether such documents were prepared by you.

12.     Each document request seeks information available to you, your attorneys or agents, and all persons acting on your behalf.

13.     Each of the requests for production of documents shall be deemed to be continuing in the manner provided by law.  In particular, please seasonably supplement the responses that request information up to "the present."   In the event you discover information during the course of this litigation which would add to or alter your answers to these requests, you are required to furnish such information as soon as practicable.

14.     All documents should be produced in the same order and condition as they are kept by you.  If you produce documents and tangible things as they are kept in the ordinary course of your business, you must produce with them all necessary information concerning the filing system by which they were stored (file drawer labels, file folder labels, etc.) and identify for Lulu the place they were stored and their custodian.

## INTERROGATORIES

1.     If you have ever used, are using, or presently intend to use any of the names "Hulu", "HULU", and/or "HULU.COM"; then please describe all markets you have served, are serving, or intend to serve using any such names and all goods or services you have offered, are offering, or intend to offer using any such names.  If you have never used, and presently have no intention to use, any of the names "Hulu", "HULU", and/or "HULU.COM"; then please indicate as much in your response.

**RESPONSE:**

5

2.      Please identify by parties, date of agreement, and description of subject matter all

non-written contracts of which you are aware that govern the past, current, and/or intended future

use of the names "Hulu", "HULU", and/or "HULU.COM" by any individual or entity.

**RESPONSE:**

3.      Please list all branding, marketing, public relations or similar firms or agencies

with whom you have discussed or had dealings relating to the use of the names "Hulu",

"HULU", and/or "HULU.COM", identifying with respect to each such firm or agency the

individual agent(s) or representative(s) with whom you had such discussions or dealings.

**RESPONSE:**

4.      Identify third party trademark or trade name uses of the name or mark "Hulu" of

which you are aware.

**RESPONSE:**

6

**EXHIBIT A**

## REQUESTS FOR PRODUCTION

1.      Please produce all documents referred to in any of your responses to the foregoing Interrogatories.

**RESPONSE:**


2.      Please produce all documents referenced or reviewed in the preparation of your responses to the foregoing Interrogatories.

**RESPONSE:**


3.      Please produce all written contracts after January 1, 2002  that govern the past, current, and/or intended future use of the names "Hulu", "HULU", and/or "HULU.COM" by any individual or entity.

**RESPONSE:**


4.      Please produce copies of all business plans, marketing materials, financial projections, prospectuses, or similar materials written or otherwise created after January 1, 2002 that reflect the past, current, and/or intended future use of the names "Hulu", "HULU", and/or "HULU.COM" by any individual or entity.

**RESPONSE:**


5.      Please produce all written communications between or among you and any representative(s) or agent(s) of Hulu Tech, Inc. written after January 1, 2002 that discuss or

7

**EXHIBIT A**

reflect the past, current, and/or intended future use of the names "Hulu", "HULU", and/or "HULU.COM" by any individual or entity.

**RESPONSE:**


6.      Please produce all documents written or otherwise created after January 1, 2002 that evidence or reflect your interests in and/or rights to the domain www.hulu.com.

**RESPONSE:**


7.      Please produce all written communications after January 1, 2002 between or among you and any representative(s) or agent(s) of any branding, marketing, public relations or similar firm or agency that relate to, discuss, or reflect the past, current, and/or intended future use of the names "Hulu", "HULU", and/or "HULU.COM" by any individual or entity.

**RESPONSE:**


8.      Please produce all documents in your possession written or otherwise created after January 1, 2002 that refer to Lulu, Lulu Press, Inc., and/or any of the marks listed in paragraph 12 of the Complaint filed in this matter.

**RESPONSE:**


9.      Please produce documents sufficient to describe any efforts by N-F to enforce its mark "Hulu", including "HULU" and/or "HULU.COM."

**RESPONSE:**

8

**EXHIBIT A**

10.     Please produce documents sufficient to describe in detail your projected annual gross sales, in dollars and in units, of each of the goods and/or services sold under the name or mark "Hulu", "HULU", and/or "HULU.COM."

**RESPONSE:**

11.     Please produce all documents including any surveys of any type, since January 1, 2002, reflecting, referring or pertaining to the level of public or consumer recognition of the name or mark "Hulu", including "HULU" and/or "HULU.COM."

**RESPONSE:**

12.     Please produce all documents reflecting, referring or pertaining to third party trademark or trade name uses of the name or mark "Hulu", "HULU", or "HULU.COM."

**RESPONSE:**

13.     Please produce all documents that evidence, refer or relate to any actual or threatened litigation or administrative proceedings involving allegations of trademark or service mark infringement, unfair competition, or dilution, to which you were a party, including but not limited to any cease and desist letters or other correspondence.

**RESPONSE:**

9

**EXHIBIT A**

14.     Please produce all documents, including surveys, reflecting, relating or pertaining to any actual or purported association or confusion of any type between N-F and Lulu for any of their respective goods or services, or any actual or hearsay knowledge, directly or indirectly, of any actual or purported association or confusion of any type between N-F and Lulu or any of their respective goods or services.

**RESPONSE:**

This the _____ day of September, 2007.

ELLIS & WINTERS LLP

By: _____
        Leslie C. O'Toole
        N.C. Bar No. 13640
        Thomas H. Segars
        N.C. Bar No. 29433
        Ellis & Winters LLP
        P.O. Box 33550
        Raleigh, North Carolina 27636
        (919) 865-7000
        *Counsel for the Plaintiff*
        *Lulu Enterprises, Inc.*

10

**EXHIBIT A**