IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-cv-00347-D

LULU ENTERPRISES, INC.,

       Plaintiff,

vs.

N-F NEWSITE, LLC,

and

HULU TECH, INC.,

       Defendants.

**NOTICE OF DEPOSITION OF PLAINTIFF LULU ENTERPRISES, INC.**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Court's Order granting Defendant leave to conduct limited discovery on an expedited basis, Defendant Hulu LLC, formerly doing business as N-F Newsite, LLC, will take the deposition, under oath, of representative(s) of Plaintiff Lulu Enterprises ("Plaintiff") on September 26, 2007, beginning at 9:30 am at the offices of Kilpatrick Stockton, LLP, 3737 Glenwood Avenue, Suite 400, Raleigh, North Carolina, 27612, or such other time upon which the parties may agree, by oral examination of representative(s) designated by Lulu Enterprises, Inc. to testify on its behalf concerning the following subjects:

    1.    The goods and/or services Plaintiff has offered, is offering, or intends to offer using any of the name or mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO";

    2.    Plaintiff's market(s) or intended market(s) for the goods and/or services Plaintiff has offered, is offering, or intends to offer using any of the name or mark "LULU," including

"LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO," including Plaintiff's actual or target customer(s) and/or market(s) to whom the product or service is promoted and sold;

3. Plaintiff's decision to do business under the name or mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO," including the reason(s) and process for selecting that name;

4. Plaintiff's application to the United States Patent and Trademark Office seeking to register the mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO";

5. Knowledge of any third party individuals or entities that do business under the name "Lulu" or other "ulu" formative;

6. Plaintiff's relationships and/or dealings with any advertising, marketing, public relations or similar firm or agency regarding the use of the name or mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO";

7. Advertising, promotion, and marketing of products or services offered for sale by Plaintiff under the name or mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO";

8. The annual gross sales for goods and/or services sold under the name or mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO";

9. The ownership and organizational structure of Plaintiff;

10. The level of public or consumer recognition of the name or mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO," including any survey of any type relating to such names or marks;

11. Plaintiff's actual or hearsay knowledge of any actual or purported association or confusion of any type between Plaintiff and Defendant, or any of their respective goods and services;

12. Any alleged harm – whether irreparable or otherwise – that Plaintiff believes it has suffered or will suffer in the absence of a preliminary injunction, including the nature and extent of the harm, as well as the timing of the harm.

13. Any efforts by Plaintiff to enforce its mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO";

14. Any licenses Plaintiff has issued, if any, for others to use the LULU mark, including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO" and any efforts Plaintiff has made to maintain quality control over those licensees.

Pursuant to the Court's Order granting Defendant leave to conduct limited discovery on an expedited basis, the deposition shall continue from day to day until completed and shall be limited to examination relating to the above-listed subjects. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the person(s) designated by Lulu Enterprises, Inc. under Rule 30(b)(6) should be prepared to testify as to such maters known or reasonably available to Plaintiff. Plaintiff is requested to provide Defendant's counsel a written designation of the names and positions of the persons designated to testify concerning the maters set forth above, and, for each person, the mater on which he or she will testify.

The deposition will be taken before a Notary Public or some other officer duly authorized by law to administer oaths and will be used for all purposes allowed by law. The deposition will be recorded by stenographic and/or videotaped means. The oral examination will continue from day to day until its completion. The taking of this limited and expedited

deposition shall not affect the plaintiff's ability to conduct another, full deposition of this witness during discovery on the merits.

This \_\_\_\_ day of September, 2007.

/s/ B.S. Cooke
Hayden L. Silver, III
NC State Bar No. 10037
jaysilver@kilpatrickstockton.com
Betsy Cooke
NC State Bar No. 25353
bcooke@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
3737 Glenwood Avenue, Suite 400
Raleigh, NC 27612
(919) 420-1700
(919) 420-1800 facsimile

William H. Brewster
GA State Bar No. 080422
bbrewster@kilpatrickstockton.com
Sara Maurer
GA State Bar No. 159056
smaurer@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
(404) 815-6500
(404) 815-6555 facsimile

*Counsel for Defendant Hulu LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon counsel via facsimile addressed to the following:

> Leslie C. O'Toole
> Thomas H. Segars
> ELLIS & WINTERS LLP
> P.O. Box 33550
> Raleigh, NC 27636
> (919) 865-7010

This the 17th day of September, 2007.

_____

KILPATRICK STOCKTON LLP
3737 Glenwood Avenue, Suite 400
Raleigh, North Carolina 27612
Telephone: (919) 420-1700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-cv-00347-D

LULU ENTERPRISES, INC.,

    Plaintiff,

vs.

N-F NEWSITE, LLC,

and

HULU TECH, INC.,

    Defendants.

**DEFENDANT HULU LLC'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant Hulu LLC ("Defendant"), formerly doing business as N-F Newsite, LLC, requests that Plaintiff Lulu Enterprises, Inc. ("Plaintiff") answer the following interrogatories and requests for production of documents in writing and under oath within the time provided by the Court's Order allowing for expedited discovery in this matter. Plaintiff's production should occur at the office of Defendant's counsel at Kilpatrick Stockton LLP, Suite 400, 3737 Glenwood Avenue, Raleigh, North Carolina, 27612 or any other place mutually agreed upon by counsel for the parties.

## DEFINITIONS AND INSTRUCTIONS

Defendant alerts you in advance that they believe that your compliance with the applicable discovery rules imposes the following requirements. Defendant invites your counsel to consult with their counsel well in advance of production with respect to any of these instructions you find objectionable to avoid any delays in discovery. Unless otherwise indicated, the following definitions and instructions shall apply to these requests:

1. "You," "your," or "Plaintiff" shall mean Lulu Enterprises, Inc. and its present or former agents, employees, representatives and attorneys and all other persons acting in its behalf.

2. "Defendant" means Hulu LLC, formerly doing business as N-F Newsite, LLC, and its present or former agents, employees, representatives and attorneys and all other persons acting on its behalf.

3. "Documents" means all items subject to discovery pursuant to Rule 34 of the Federal Rules of Civil Procedure. Without limiting the generality of the foregoing, the term "document" shall have its customary broad sense to include written or graphic matter of every kind or description, whether printed or reproduced by any process, or written and/or produced by hand, whether final or draft, original or reproduction, whether or not claimed to be privileged or otherwise exempt from discovery, including but not limited to the following categories: letters, correspondence, memoranda of telephone or personal conversations, microfilm, microfiche, telegrams, books, magazines, newspapers, advertisements, periodicals, bulletins, circulars, brochures, pamphlets, statements, notices, advertising layouts, trade letters, press releases, reports, rules, regulations, directives, teletype or telefax messages, e-mails (whether in hard copy or stored in electronic form on diskette, hard drive or other media), minutes or records of meetings, interoffice communications, memoranda, financial statements, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, diaries, routing slips, time sheets, logs, movie tapes, records, drawings, blueprints, sketches, plans, guidelines, graphs, charts, photographers, data processing printouts and computation (both in existence and stored in memory), transcripts of oral statements or testimony, and any and all other data compilations or information resources from which information can be obtained or translated, if necessary, through detection devices into reasonably

usable form. "Document" also includes the original of any document in whatever medium it may exist and any copy of any such original differing in any way from such original.

    4.    "Identify" or "identification" when used with reference to a person shall mean to state the full name, present or last known address, and current or last known telephone number of said person.

    5.    When you are asked to identify a document, please provide specific information sufficient to prepare a subpoena *duces tecum* or a document request. Without limiting the generality of the foregoing, "identify" or "identification" when used with reference to a documents shall mean to state its date, author or signer, type of document, and its present or last known location or custodian; if any document was but is no longer in your possession, custody or control, you shall state what disposition was made of the document and the reason for such disposition.

    6.    "Relating to" and "related to" and "pertaining to" shall be interpreted in their broadest sense and shall be intended to mean one or more of the following, to the extent necessary to permit the broadest possible response: containing, constituting, comprising, discussing, mentioning, evidencing, reflecting, referring to, concerning, listing, detailing, explaining, compiling, summarizing, involving or bearing upon.

    7.    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Complaint filed in this matter.

    8.    You must review all necessary computer-readable media for responsive documents, including documents such as e-mails and databases. If responsive documents, such as that term is broadly defined in Fed. R. Civ. P. 34, are stored on computer-readable media, please export them in a commonly readable full-text searchable format, and produce them on

CD, DVD, or external hard drive, as the volume may dictate. If the responsive information is contained in a database, please export the responsive information in a commonly readable full-text searchable format.

9. If you object to part of an interrogatory or document request and refuse to answer that part, state your objection and answer the remaining portion of that interrogatory or document request. If you object to the scope or time period of an interrogatory or document request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate.

10. If any of the following interrogatories or document requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, please set forth the details of such qualification.

11. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant requests that you produce a "privilege log" at the time of your production that includes, for each otherwise responsive document withheld on grounds of privilege or protection as trial preparation material, the date of the document, the name(s) of the author, the addressee(s), and any other recipients of the document or its substance; the subject of the document; the present location and custodian of the document and any copies thereof; the basis for withholding the document; and the request(s) to which the document is responsive.

12. In producing documents, you are requested to furnish all documents or things in your actual or constructive possession, custody or control, or known or available to you, regardless of whether such documents or things are possessed directly by you or by your

attorneys, agents, employees, representatives or investigators, and regardless of whether such documents were prepared by you.

13. Each document request seeks information available to you, your attorneys or agents, and all persons acting on your behalf.

14. Each of the requests for production of documents shall be deemed to be continuing in the manner provided by law. In particular, please seasonably supplement the responses that request information up to "the present." In the event you discover information during the course of this litigation which would add to or alter your answers to these requests, you are required to furnish such information as soon as practicable.

15. Each of the requests for production of documents shall be deemed to be continuing in the manner provided by law. In particular, please seasonably supplement the responses that request information up to "the present." In the event you discover information during the course of this litigation which would add to or alter your answers to these requests, you are required to furnish such information as soon as practicable.

16. All documents should be produced in the same order and condition as they are kept by you. If you produce documents and tangible things as they are kept in the ordinary course of your business, you must produce with them all necessary information concerning the filing system by which they were stored (file drawer labels, file folder labels, etc.) and identify for Defendant the place they were stored and their custodian.

## INTERROGATORIES

1. Identify and describe the goods and/or services Plaintiff currently offers, using any of the name or mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO," including for each mark the identification of the dates that each of the goods and/or services have been available for use.

    **ANSWER:**


2. Identify and describe the goods and/or services Plaintiff has offered in the past which are not identified in response to Interrogatory #1 and which use any of the name or mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO," including for each mark the identification of the dates that each of the goods and/or services were offered for use.

    **ANSWER:**


3. Identify and describe the goods and/or services Plaintiff intends to offer using any of the name or mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO," including for each mark the date that such goods and/or services will be offered.

    **ANSWER:**

4. For each of the goods and/or services identified in response to Interrogatories #1 #2, and #3, identify Plaintiff's market(s) and intended market(s) for those goods and services, including Plaintiff's actual and target customer(s) and/or market(s) to whom the product or service is promoted and sold.

**ANSWER:**

5. Identify all advertising, marketing, public relations or similar firms or agencies with whom Plaintiff has discussed or had dealings relating to the use of the name or mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO," since January 1, 2002, identifying with respect to each such firm or agency the individual agent(s) or representative(s) with whom you had such discussions or dealings.

**ANSWER:**

6. Identify third party trademark or trade name uses of the name or mark "LULU" of which Plaintiff is aware.

**ANSWER:**

7. Identify and describe any efforts by Plaintiff to enforce its mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO."

**ANSWER:**




8. Identify any licenses Plaintiff has issued, if any, for others to use the LULU mark, including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO." For each license, identify and describe Plaintiff's efforts to maintain quality control over those licensees.

**ANSWER:**




9. Identify and describe each instance of which Plaintiff has actual or hearsay knowledge, directly or indirectly, of any actual or purported association or confusion of any type between Plaintiff and Defendant, or any of their respective goods or services.

**ANSWER:**

10. Identify and describe any alleged harm – whether irreparable or otherwise – that Plaintiff believes it has suffered or will suffer in the absence of a preliminary injunction, including the nature and extent of the harm (whether monetary or otherwise), as well as the timing of the harm.

**ANSWER:**


## REQUESTS FOR PRODUCTION

Please produce the following:

1. Documents referred to in any of your responses to the foregoing Interrogatories.

2. Documents referenced or reviewed in the preparation of your responses to the forgoing Interrogatories.

3. Documents reflecting representative examples of each of the goods and/or services Plaintiff has offered, is offering, or intends to offer using any the name or mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO."

4. For each of the goods and/or service identified in response to Interrogatories #1, #2, and #3, documents since January 1, 2002, reflecting Plaintiff's market(s) and intended market(s) for those goods and services, including Plaintiff's target customer(s) and/or market(s) to whom the product or service is, was or will be promoted and sold.

5. For each of the goods and/or service identified in response to Interrogatories #1, #2, and #3, documents since January 1, 2002, reflecting Plaintiff's market(s) and intended market(s) for those goods and services, including Plaintiff's target customer(s) and/or market(s) to whom the product or service is, was or will be promoted and sold.

6. For each of the goods and/or service identified in response to Interrogatories #1, #2, and #3, documents since January 1, 2002, reflecting Plaintiff's market(s) and intended market(s) for those goods and services, including Plaintiff's target customer(s) and/or market(s) to whom the product or service is, was or will be promoted and sold.

7. Documents reflecting, referring or pertaining to Plaintiff's selection of the mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO" or the process used to make such a selection.

8. Documents, including business plans, marketing materials, financial projections, prospectuses, or similar materials written or otherwise created after January 1, 2002, reflecting, referring or pertaining to advertising and marketing plans of the name or mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO."

9. Documents (including broadcast e-mails, brochures, pamphlets, flyers, print advertisements, radio advertisements, television advertisements, photographs or billboards, and any other materials in any medium) reflecting Plaintiff's advertising, marketing or promotion of goods or services since January 1, 2002, under the name or mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO."

10. Documents sufficient to describe any efforts by Plaintiff to enforce its mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO."

11. Documents sufficient to describe any efforts by Plaintiff to enforce its mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO."

12. Documents sufficient to identify licenses Plaintiff has issued, if any, for others to use the LULU mark, including "LULU," "LULU.COM," "LULU.TV," and/or "LULU

STUDIO," and for any such license, documents sufficient to describe Plaintiff's efforts to maintain quality control over those licensees.

13. Documents sufficient to describe in detail Plaintiff's annual gross sales, in dollars and in units, of each of the goods and/or services sold under the name or mark "LULU," "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO."

14. Documents, including any surveys of any type, since January 1, 2002, reflecting, referring or pertaining to the level of public or consumer recognition of the name or mark "LULU," including "LULU," "LULU.COM," "LULU.TV," and/or "LULU STUDIO."

15. Documents reflecting, referring or pertaining to third party trademark or trade name uses of the name or mark "LULU."

16. Documents that evidence, refer or relate to any actual or threatened litigation or administrative proceedings involving allegations of trademark or service mark infringement, unfair competition, or dilution, to which Plaintiff was a party, including but not limited to any cease and desist letters or other correspondence.

17. Documents, including surveys, reflecting, relating or pertaining to any actual or purported association or confusion of any type between Defendant and Plaintiff for any of their respective goods or services, or any actual or hearsay knowledge, directly or indirectly, of any actual or purported association or confusion of any type between Plaintiff and Defendant or any of their respective goods or services.

18. Documents reflecting, referring or pertaining to any alleged harm -- whether irreparable or otherwise -- that Plaintiff believes it has suffered or will suffer in the absence of a preliminary injunction, including the nature and extent of the harm, as well as the timing of the harm.

19. Documents sufficient to identify Plaintiff's current ownership and Plaintiff's current corporate structure, including identification of Plaintiff's officers and senior executives (by way of organizational chart, internal directory or otherwise).

20. Documents reflecting, referring or pertaining to Defendant, HULU or HULU.COM, including any press releases or other material referring to this litigation.

This 17th day of September, 2007.

/s/ Hayden J. Silver, III  by Betsy Cooke

Hayden J. Silver, III
NC State Bar No. 10037
jaysilver@kilpatrickstockton.com
Betsy Cooke
NC State Bar No. 25353
bcooke@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
3737 Glenwood Avenue, Suite 400
Raleigh, NC 27612
(919) 420-1700
(919) 420-1800 facsimile

William H. Brewster
GA State Bar No. 080422
bbrewster@kilpatrickstockton.com
Sara Maurer
GA State Bar No. 159056
smaurer@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
(404) 815-6500
(404) 815-6555 facsimile

*Counsel for Defendant N-F NewSite, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon counsel via facsimile addressed to the following:

>Leslie C. O'Toole
>Thomas H. Segars
>ELLIS & WINTERS LLP
>P.O. Box 33550
>Raleigh, NC 27636
>(919) 865-7010

This the 17th day of September, 2007.

*[signature]*

KILPATRICK STOCKTON LLP
3737 Glenwood Avenue, Suite 400
Raleigh, North Carolina 27612
Telephone: (919) 420-1700

13                                                                    EXHIBIT B