IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-cv-00347-D

LULU ENTERPRISES, INC.,

                        Plaintiff,

vs.

                                                    **CONSENT PROTECTIVE ORDER**

HULU, LLC
(formerly N-F NEWSITE, LLC),

and

HULU TECH, INC.,

                        Defendants.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, good cause having been shown within the meaning of Rule 26(c) and it appearing that the Parties consent to entry of this Order, IT IS HEREBY ORDERED THAT:

(1)    Any Party to this action (or any non-party providing discovery in connection with the above-captioned action) (hereinafter collectively referred to as "Parties" or "Party") may designate material or information, whether embodied in documents, things, deposition testimony, answers to interrogatories or requests for admission or other materials, as (i) CONFIDENTIAL INFORMATION or (ii) ATTORNEYS' EYES ONLY. A Party may designate as CONFIDENTIAL INFORMATION such information that is sensitive and not generally known to the public, including but not limited to, confidential or proprietary business or commercial information, confidential financial statements, summaries and/or reports, trade secrets, and any other information which in good faith and for good cause is designated as CONFIDENTIAL

**EXHIBIT A**

INFORMATION.  A Party may designate as ATTORNEYS' EYES ONLY such information that is of a highly proprietary or technical nature or constitutes highly sensitive financial or strategic data and that could potentially be used by either the requesting Party, another Party to this action or a third-party for commercial use or to harm the competitive position of the disclosing Party. As set forth below, these two types of confidential information are subject to different levels of protection.

(2)     Absent further order by this Court, information designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY, and all copies, summaries, compilations, notes or abstracts thereof, shall be used exclusively for the purpose of litigating this case and not for any other purpose.  A Party should only designate as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY such information as the Party reasonably and in good faith believes requires protection under this Order.

(3)     A Party may designate information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY by identifying it with reasonable specificity orally or in writing when the information is produced, disclosed or revealed.  Further, a document may be designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY by marking it or stamping it, as appropriate, "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," prior to its production to the receiving Party.  To designate a multiple page document as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY, such a document must be conspicuously marked or stamped on the first page.  If a document is not so marked prior to its disclosure to a receiving Party but is otherwise designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY orally, if on the record, or in writing at the time it is disclosed, the receiving Party shall promptly cause the document to be appropriately marked or stamped.

2

**EXHIBIT A**

(4)     The Parties may orally designate on the record testimony during the deposition or may have thirty (30) days following the receipt of a deposition transcript to designate any portion thereof as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY.  The deposition transcript shall be treated as ATTORNEYS' EYES ONLY until the expiration of said thirty (30)-day period.  Should counsel for any Party disagree with the designation, all Parties nonetheless shall treat the information in question as it was designated until the Court is able to resolve the issue.  During a deposition, the deponent, the deponent's counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to the counsel for the Party or non-party that testimony about to be given is deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information.  The designating Party shall have the right to exclude any person not entitled under this Protective Order to receive the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information.

(5)     Access to CONFIDENTIAL INFORMATION shall be restricted to:

(a)     Officers, directors, members (including in this instance employees of NBC Universal, Inc. and Fox Entertainment Group, Inc.), and employees of the Parties to this action;

(b)      Attorneys and law firms of record and attorneys designated as "of counsel" in this action, in-house counsel for the Parties in this action and their members and parent entities, and their secretaries, paralegals, assistants, and employees engaged with such counsel in the litigation of this action;

3

**EXHIBIT A**

(c)     Third Parties who have been retained to assist the attorneys of record in translating, copying or computer coding of documents, transcribing or videotaping depositions, or assisting with trial preparation who have agreed to be bound by and to comply with this Order and who have executed a Declaration in the form of Exhibit A ("Declaration");

(d)     Outside consultants and outside expert witnesses (those who are not employed by any Party or any competitor of a Party) retained for the litigation of this action and who have agreed to be bound by and comply with this Order and who have executed the Declaration.    Only such CONFIDENTIAL INFORMATION that is relevant to the testimony of an expert witness, however, may be disclosed to that expert; and

(e)     Any potential or actual witnesses, other than a competitor of a Party whose CONFIDENTIAL INFORMATION is sought to be disclosed, who has a bona fide need to review said documents or other materials in connection with providing testimony or preparing to provide testimony, who has agreed to be bound by and comply with this Order and who has executed the Declaration, provided that disclosing counsel reasonably believes that the witness has relevant knowledge about the creation, distribution or maintenance of the particular CONFIDENTIAL INFORMATION to be disclosed, or about the facts contained therein, and it reasonably appears that such witness would have had access to such information in the course of his employment by the Party producing such CONFIDENTIAL INFORMATION.

4

**EXHIBIT A**

(6)     Access to ATTORNEYS' EYES ONLY shall be restricted to:

(a)     Attorneys and law firms of record in this action, in-house counsel for the Parties and their members and parent entities, their secretaries, paralegals, assistants and employees engaged with such counsel in the litigation of this action;

(b)     Outside consultants and outside expert witnesses (those who are not employed by any Party or any competitor of a Party) retained for the litigation of this action and who have agreed to be bound by and comply with this Order and who have executed the Declaration.  Only such ATTORNEYS' EYES ONLY information that is relevant to the testimony of an expert witness may be disclosed to that expert; and

(c)     Any potential or actual witness, other than a competitor of a Party whose ATTORNEYS' EYES ONLY information is sought to be disclosed, who has agreed to be bound by and comply with this Order and who has executed the Declaration, provided that disclosing counsel reasonably believes that the witness has relevant knowledge about the creation, distribution or maintenance of the particular ATTORNEYS' EYES ONLY information to be disclosed, or about the facts contained therein, and it reasonably appears that such witness would have had access to such information in the course of his employment by the Party producing such ATTORNEYS' EYES ONLY information.

(7)     In the event that counsel for a Party to this action deems it necessary to disclose any information of the producing Party designated as either "ATTORNEYS' EYES ONLY" or

5

**EXHIBIT A**

generally as "CONFIDENTIAL" to any person not specified in paragraphs Nos. 5 or 6 of this Order, prior to any such disclosure, said counsel shall notify counsel for the producing Party in writing of: (a) the information to be disclosed, and (b) the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the Party seeking disclosure must seek relief from the Court by motion before any disclosure to any person not specified in paragraph Nos. 5 or 6 is made.

(8)     CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY information shall be maintained in confidence by the receiving Party, according to the terms hereof, and used by the receiving Party solely in this action. The Parties expressly recognize that those to whom CONFIDENTIAL INFORMATION is disclosed shall not disclose, discuss or relate such information to anyone who is not identified in Paragraph 5 above and that those to whom ATTORNEYS' EYES ONLY is disclosed shall not disclose, discuss, or relate such information to anyone who is not identified in Paragraph 6 above.

(9)     In the event that any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY is filed with the Court, or disclosed in any such filing, such information shall be filed under seal in an envelope or package that states in a conspicuous manner the confidentiality level of the document. Such documents shall be opened and reviewed only by authorized Court personnel or upon request, by counsel of record, after written notice to opposing counsel.

(10)    At any hearing in or the trial of this action, a Party may use CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY information, provided that adequate prior notice of such use is given to counsel for the disclosing Party to permit counsel for the Parties to this action to confer and agree upon the procedures necessary to protect the confidentiality of

US2000 10313747.5

**EXHIBIT A**

any such information used in the course of any court proceedings. If counsel are unable to agree on such procedures, counsel may seek appropriate protection from the Court.

(11)    Any Party shall have the right, at any time, to move for a modification of this Order or to arrange for or seek the removal of a "CONFIDENTIAL INFORMATION" or a "ATTORNEYS' EYES ONLY" designation from any information the Party believes was inappropriately designated. Before filing a motion with the Court, however, the Party seeking a modification shall confer with the Parties to determine whether the matter can be resolved by agreement. This requirement—the obligation to attempt to resolve disputes by agreement before they are brought to the Court—applies to any and all disputes that arise under any other paragraph or otherwise in connection with this Order.

(12)    Nothing in this Order shall be deemed a waiver of any right any Party might otherwise have under the Federal Rules, under the doctrines of attorney-client privilege, attorney work product, or any other privilege, or to the authentication of admissibility of any document.

(a)    If a Party inadvertently discloses any information without designating it as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY but later determined that it should be so designated, but so informs the receiving Party thereof in writing, the information shall thereupon be treated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY, and the receiving Party shall immediately make prompt and reasonable efforts to protect the information and retrieve it from any person not entitled to receive it under Paragraph 5 or 6. The receiving Party may challenge the producing Party's late designation of the information, but shall take no further action inconsistent with the

7

**EXHIBIT A**

designation until such time as the challenge is resolved. If the receiving Party makes no challenge to the late designation, or if its challenge is unsuccessful, the receiving Party shall mark or stamp the information "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the disclosing Party's designation.

(b)     If a Party inadvertently discloses any information protected by the attorney-client privilege or work product doctrine and informs the receiving Party thereof in writing about the inadvertent disclosure, the receiving Party shall immediately make prompt and reasonable efforts to protect the information and retrieve it from any person not entitled to receive it and shall return the information immediately to the producing Party. The receiving Party may challenge the producing Party's claim that the information is legally privileged and/or confidential, but shall take no further action inconsistent with the designation until such time as the challenge is resolved. Inadvertent disclosure promptly cured shall not be considered a waiver of the attorney-client privilege or work product doctrine.

(13)    If ATTORNEYS' EYES ONLY information or CONFIDENTIAL INFORMATION designated under this Order is disclosed to any person other than in a manner authorized by this Order, the Party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Party asserting confidential treatment and, without prejudice to other rights and remedies of the Party asserting confidential

8

**EXHIBIT A**

treatment, make every effort to prevent further disclosure by the responsible Party or by the person who was the recipient of such information.

(14)    This Protective Order shall govern all pretrial proceedings, but shall be subject to modification upon application of a Party to this action and for good cause shown.

(15)    Within thirty (30) days after the final disposition of this action, each Party subject to the terms hereof shall destroy or assemble and return to the producing Party all originally produced materials, documents and things constituting CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY and all copies thereof, and shall collect and destroy all summaries, and abstracts thereof and all other materials, memoranda or documents that are attorney-client privileged or work product protected and that constitute or contain CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY.  Each Party shall certify to the producing Party in writing that all such materials, documents and things have either been destroyed or returned to the producing Party.

(16)    Neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any such action or omission shall constitute a waiver of any claim or defense in the trial of this action.

(17)    No Party shall object to disclosing or producing information on the ground that a further or other protective order is needed unless such Party shall have (a) unsuccessfully attempted in good faith to reach agreement with the other Parties as to a consent order obviating the objection and (b) filed, within fifteen (15) days after service of the request for the documents or information, a motion seeking a modification of this Order to obviate the objection, taking the necessary steps to have the motion resolved as early as practicable.

US2000 10313747.5

**EXHIBIT A**

(18)     Upon receipt of any subpoena for CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY information, whether received during or after the final conclusion of the litigation (including after any appeals that may be taken by the Parties), the Party receiving the subpoena shall immediately notify outside counsel for the other Party of the subpoena so that the latter may protect its interests.

(19)     The Parties to this action stipulate and agree that upon their execution of this Order, they will exchange documents in accordance with the Court's Order of September 12, 2007, they shall be immediately bound by the terms hereof as if the Court had executed and entered the Order simultaneously with the Parties' execution of the Order, and such exchange shall be subject to and governed by the terms of this Order.

US2000 10313747.5

**EXHIBIT A**

IT IS SO ORDERED, this _____ day of _____, 2007.


_____
JAMES C. DEVER, III
UNITED STATES DISTRICT JUDGE


The undersigned Parties consent to the entry of the foregoing Order:

| | |
|---|---|
| /s/ Leslie C. O'Toole | /s/ Hayden J. Silver, III |
| _____ | _____ |
| Leslie C. O'Toole | Hayden J. Silver, III |
| NC State Bar No. 13640 | NC State Bar No. 10037 |
| leslie.otoole@elliswinters.com | jaysilver@kilpatrickstockton.com |
| Thomas H. Segars | Betsy Cooke |
| NC State Bar No. 29433 | NC State Bar No. 25353 |
| tom.segars@elliswinters.com | bcooke@kilpatrickstockton.com |
| ELLIS & WINTRS LLP | KILPATRICK STOCKTON LLP |
| P.O. Box 33550 | 3737 Glenwood Avenue, Suite 400 |
| Raleigh, NC 27636 | Raleigh, NC 27612 |
| (919) 865-7000 | (919) 420-1700 |
| (919) 865-7010 facsimile | (919) 420-1800 facsimile |

*Counsel for Plaintiff Lulu Enterprises, Inc.*

William H. Brewster
GA State Bar No. 080422
bbrewster@kilpatrickstockton.com
Sara Maurer
GA State Bar No. 159056
smaurer@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
(404) 815-6500
(404) 815-6555 facsimile

*Counsel for Defendant Hulu, LLC*

11

**EXHIBIT A**

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-cv-00347-D

LULU ENTERPRISES, INC.,

        Plaintiff,

vs.

HULU, LLC
(formerly N-F NEWSITE, LLC),                **DECLARATION REGARDING**
                                            **CONFIDENTIALITY PROVISIONS**
and

HULU TECH, INC.,

        Defendants.
_____

I, _____, state the following:

      1.    My current residential address is _____

_____.

      2.    I have received and carefully read the Consent Protective Order dated _____ and understand its provisions. Specifically, I understand that I am obligated under the Consent Protective Order to hold in confidence and not to disclose the contents of any document marked "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" to anyone other than those persons identified in the Consent Protective Order. I further understand that I am not to disclose to persons other than those persons identified in the Consent Protective Order any words, substance, summaries, abstracts or indices of confidential documents or transcripts disclosed to me. I will never use the information, directly or indirectly, in competition with the disclosing Party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Consent Protective Order.

12

**EXHIBIT A**

3.     At the termination of this action or at any time requested by counsel, I will return to counsel for the producing Party or counsel for the Party by whom I am employed all documents and/or any other materials including or reflecting confidential information which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

4.     I understand that if I violate the provisions of this Consent Protective Order, I will be subject to sanctions or other remedies that may be imposed by the Eastern District of North Carolina, and I hereby agree to submit to the jurisdiction of that Court for purposes of enforcing this agreement.

I declare under penalty of perjury that the foregoing is true and correct.

This the _____ day of _____, _____.

_____

13

**EXHIBIT A**