IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-cv-00347-D

LULU ENTERPRISES, INC.,

       Plaintiff,

vs.

HULU, LLC, f/k/a N-F NEWSITE, LLC,

*et al.*,

       Defendants.

**ANSWER OF DEFENDANT HULU, LLC**

Defendant Hulu, LLC, formerly known as N-F Newsite, LLC, hereby answers the complaint filed by Lulu Enterprises, Inc. as follows:

### FIRST DEFENSE

The Complaint fails to state a claim for relief and should be dismissed.

### SECOND DEFENSE

Plaintiff's claims are barred as there is no likelihood of confusion between the parties' marks as they are actually used.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### FOURTH DEFENSE

Defendant denies any allegations not expressly admitted and responds to the enumerated paragraphs of the Complaint as follows:

1. Defendant admits that the Complaint purports to state claims under 15 U.S.C. § 1125(a), (d), N.C. Gen. Stat. § 75-1.1, and the common law, but denies that it does so and denies any remaining allegations contained in paragraph 1.

2. Defendant admits that it announced its plans to use its HULU mark in connection with a website featuring premium video content. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 relating to Plaintiff's use of its "Lulu marks" and therefore Defendant denies those allegations. Defendant denies the remaining allegations contained in paragraph 2.

3. Defendant admits that the Complaint purports to state claims under Sections 43(a) and 43(d) of the Lanham Act, but denies that it does so and denies the remaining allegations contained in paragraph 3.

4. In response to paragraph 4 of the Complaint, the allegations contain conclusions of law to which no response is required. To the extent a response is required, Defendant is submitting to and not challenging the jurisdiction of this Court and the venue. Defendant admits that it is using the HULU name and mark and has filed an application with the United States Patent and Trademark Office for federal registration of the HULU mark and other associated marks. Except as admitted, Defendant denies the allegations contained in paragraph 4.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 and therefore Defendant denies those allegations.

6. Defendant admits that it is a Delaware limited liability company, with a business address at 12312 West Olympic Boulevard, Los Angeles, California 90064. Except as admitted, Defendant denies the allegations contained in paragraph 6.

7. Defendant denies that Lulu's marks are distinctive. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 7 and therefore Defendant denies those allegations.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 and therefore Defendant denies those allegations.

9. Defendant denies that Lulu's marks are distinctive and well-known. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 9 and therefore Defendant denies those allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 and therefore Defendant denies those allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 and therefore Defendant denies those allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 and therefore Defendant denies those allegations.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant admits that on or about August 29, 2007 it announced its plans to use the marks HULU and HULU.COM in connection with a website featuring premium video content. Defendant denies the remaining allegations contained in paragraph 14.

15. Defendant admits that it filed an intent-to-use trademark application for its HULU mark and states that such application is the best evidence of its contents. Defendant denies the remaining allegations contained in paragraph 15.

16. Defendant admits that it intends to provide premium video content over the internet. Defendant denies the remaining allegations contained in paragraph 16.

17. Defendant admits the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

## ANSWER TO COUNT I

21. Defendant repeats and incorporates by reference the responses contained in paragraphs 1 through 20 as if fully set forth herein.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

## ANSWER TO COUNT II

26. Defendant repeats and incorporates by reference the responses contained in paragraphs 1 through 25 as if fully set forth herein.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

## ANSWER TO COUNT III

31.    Defendant repeats and incorporates by reference the responses contained in paragraphs 1 through 30 as if fully set forth herein.

32.    Defendant denies the allegations contained in paragraph 32.

33.    Defendant denies the allegations contained in paragraph 33.

34.    Defendant denies the allegations contained in paragraph 34.

## ANSWER TO COUNT IV

35.    Defendant repeats and incorporates by reference the responses contained in paragraphs 1 through 34 as if fully set forth herein.

36.    Defendant denies the allegations contained in paragraph 36.

37.    Defendant denies the allegations contained in paragraph 37.

38.    Defendant denies the allegations contained in paragraph 38.

39.    Defendant denies the allegations contained in paragraph 39.

WHEREFORE, Defendant Hulu, LLC requests that the Court:

1.    Dismiss the Complaint;

2.    Enter an Order that the Plaintiff have and recover nothing from Defendant;

3.    Award Defendant its costs and attorneys' fees as allowed by law; and

4.    Award Defendant such other relief that the Court deems just and proper.

Respectfully submitted, this 1st day of October, 2007.

/s/ Hayden J. Silver, III

Hayden J. Silver, III
NC State Bar No. 10037
jaysilver@kilpatrickstockton.com
Betsy Cooke
NC State Bar No. 25353
bcooke@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
3737 Glenwood Avenue, Suite 400
Raleigh, NC 27612
(919) 420-1700
(919) 420-1800 (facsimile)

William H. Brewster
GA State Bar No. 080422
bbrewster@kilpatrickstockton.com
Sara Maurer
GA State Bar No. 159056
smaurer@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
(404) 815-6500
(404) 815-6555 facsimile

*Counsel for Defendant Hulu, LLC*

US2000 10342237.2

**CERTIFICATE OF SERVICE**

This is to certify that on this date the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System which will send notice to the following CM/ECF participants:

>Leslie C. O'Toole
>leslie.otoole@elliswinters.com
>Thomas Hamilton Segars
>tom.segars@elliswinters.com

This the 1st day of October, 2007.

/s/ Hayden J. Silver, III

KILPATRICK STOCKTON LLP
3737 Glenwood Avenue, Suite 400
Raleigh, North Carolina 27612
Telephone: (919) 420-1700

US2000 10342237.2