UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:07-CV-347-D

| | |
|---|---|
| LULU ENTERPRISES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>N-F NEWSITE, LLC, )<br>)<br>and )<br>)<br>HULU TECH, INC., )<br>)<br>Defendants. ) | **PLAINTIFF LULU ENTERPRISES, INC.'S MOTION FOR LEAVE TO FILE DECLARATION OF HAL L. PORET IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION** |

Now comes Plaintiff Lulu Enterprises, Inc. ("Lulu") and respectfully moves this Court for leave to file the Declaration of Hal L. Poret in support of Lulu's pending Motion for Preliminary Injunction [Docket Entry No. 8]. In support of this motion, Lulu shows the Court as follows:

1.      On or about September 5, 2007, Lulu filed this action against Defendants alleging, among other things, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).  Lulu filed a Motion for Preliminary Injunction on or about September 10, 2007, which seeks to have Defendant N-F NewSite, LLC ("N-F") enjoined from using certain names and marks that Lulu contends are infringing and likely to result in consumer confusion.

2.      By Order dated September 14, 2007, the Court set hearing on Lulu's Motion for Preliminary Injunction to take place on October 17, 2007 and directed the parties to conduct certain limited discovery before then on an expedited basis.  As explained in the parties' Joint Motion to Modify filed on September 13, 2007 that

1

precipitated the Court's Order, this schedule was dictated by N-F's preferred date for launching its beta site.

3. Lulu has diligently conducted and responded to discovery during that tight expedited discovery period. In connection with its discovery efforts, Lulu commissioned a highly relevant consumer confusion survey prepared by Hal L. Poret and Robert N. Reitter of Guideline, Inc. A true and accurate copy of the Declaration of Hal L. Poret, which includes the results of that survey, is attached hereto as Exhibit A.

4. N-F, through counsel, has objected to the Court's consideration of the Declaration of Hal L. Poret on the ground that the declaration was not provided to N-F in a timely fashion. As explained below, however, the declaration is highly relevant and, as such, will assist the Court in its resolution of the pending Motion for Preliminary Injunction. Moreover, for all of N-F's complaints about the timing of Lulu's production of the declaration, Lulu has proposed alternatives to alleviate any prejudice to N-F. Considering the tight timeframe for expedited discovery (driven by N-F's own timetable), the great utility to the Court of the declaration, and the comparatively slight prejudice to N-F of considering the declaration, Lulu makes this motion.

**The Parties' Communications Regarding Discovery of Consumer Survey Evidence**

5. On or about September 18, 2007, counsel for Lulu and counsel for N-F first discussed whether they intended to present consumer survey evidence at the hearing on Lulu's Motion for Preliminary Injunction. During those and subsequent discussions that continued until approximately October 1, 2007, counsel for Lulu and counsel for N-F <u>both</u> expressed concern that such consumer survey studies, even if commissioned on a timely basis, might not be completed far in advance of the hearing on Lulu's Motion for

Preliminary Injunction. As such, counsel agreed generally during those discussions to remain "flexible" with regard to the timing of service of such consumer survey studies and, to the extent practicable, discovery on such consumer survey studies.

6. On or about October 2, 2007, counsel for Lulu explained to counsel for N-F that Lulu could not guaranty production of its commissioned consumer survey studies any sooner than October 12, 2007. This revelation triggered a dispute regarding the timing of discovery of such survey evidence and led to an exchange of correspondence between counsel (true and accurate copies of which are collectively attached hereto as Exhibit B). In summary, counsel disagree on the substance of their prior communications on the subject of commissioned consumer survey studies.

7. On October 5, 2007, N-F served upon Lulu the Declaration of Gerald Ford, which contained the results of an "awareness study" commissioned by N-F. N-F did so notwithstanding a standing offer from Lulu to provide for simultaneous exchange of studies to prevent either party from suffering comparative prejudice.

8. On October 11, 2007, counsel for Lulu served a copy of the Declaration of Hal L. Poret upon counsel for N-F.

9. During the course of counsel's communications on the subject, counsel for Lulu has offered various proposals to cure any prejudice to N-F from the timing of Lulu's studies, including (1) a simultaneous exchange, (2) that neither party be permitted to conduct discovery on the other's survey evidence, and (3) that both parties be permitted to conduct discovery in the form of limited depositions on the other's survey evidence. Despite diligence, counsel were unable to reach agreement on any such protocol.

10. In any event, neither party has, as of this date, had an opportunity to cross examine or otherwise discover the consumer survey study evidence submitted by the other. As such, neither party has been comparatively prejudiced to any great extent by the timing of production.

**The Importance and Relevance of Lulu's Consumer Survey Evidence**

11. As both parties concede by commissioning consumer survey studies, this type of evidence is relevant to Lulu's claim of false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a). See, e.g., Sara Lee Corp. v. Kaiser Roth Corp., 81 F.3d 455, 466-67 (4th Cir. 1996) (holding that survey evidence demonstrating actual confusion supported a finding of likelihood of confusion under Sections 32 and 43(a) of the Lanham Act). As such, the evidence will be of great utility to the Court in its resolution of Plaintiff's Motion for Preliminary Injunction.

12. Under Local Civil Rules 7.1(d) & (e), EDNC, parties are permitted to file affidavits or other supporting documents with their supporting or responsive memoranda.

13. Despite diligence in the design, implementation, and completion of its commissioned survey, Lulu was unable to file the Declaration of Hal L. Poret with its Memorandum of Law in Support of Preliminary Injunction (filed just two days ago – on October 9, 2007). That failure was not due to any dilatoriness or unreasonable delay on the part of Lulu or Mr. Poret. Rather, it was occasioned by the practical difficulty of finishing a methodologically sound and scientifically reliable study within the short discovery period allowed – a time period driven by Defendant N-F's professed desire to launch a beta site on a certain date.

14. Lulu respectfully suggests that, under the circumstances, good cause exists for this Court to allow the filing of the attached Declaration of Hal L. Poret in Support of its Motion for Preliminary Injunction.

15. As explained above, counsel for N-F has expressed N-F's opposition to the relief Lulu requests.

16. A proposed Order granting this motion is being submitted herewith.

WHEREFORE, for the foregoing reasons, Plaintiff Lulu Enterprises, Inc. respectfully requests that this Court grant it leave to file the Declaration of Hal L. Poret in support of its pending Motion for Preliminary Injunction, and such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 11th day of October, 2007.

ELLIS & WINTERS LLP

/s/ Thomas H. Segars
Leslie C. O'Toole
N.C. State Bar. No. 13640
Thomas H. Segars
N.C. State Bar. No. 29433
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
*Attorneys for Lulu Enterprises, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney for Plaintiff hereby certifies that on this day the foregoing Motion was served upon the parties of record in this action through electronic means by virtue of CM/ECF as follows:

>Hayden J. Silver, III
>JaySilver@kilpatrickstockton.com
>Betsy Cooke
>bcooke@kilpatrickstockton.com
>Kilpatrick Stockton LLP
>*Attorneys for Defendant N-F NewSite, LLC*

and by United States mail, postage prepaid, first class, addressed as follows:

>William H. Brewster
>bbrewster@kilpatrickstockton.com
>Sara Maurer
>smaurer@kilpatrickstockton.com
>Kilpatrick Stockton LLP
>1100 Peachtree Street, Suite 2800
>Atlanta, Georgia 30309
>Facsimile: 404-815-6555
>
>*Attorneys for Defendant N-F NewSite, LLC*

This the 11th day of October, 2007.

>/s/ Thomas H. Segars
>Thomas H. Segars