

**KILPATRICK STOCKTON LLP**

Attorneys at Law

Suite 400  3737 Glenwood Avenue
Raleigh NC 27612
t 919 420 1700  f 919 420 1800
www.KilpatrickStockton.com

Hayden J. Silver III
direct dial 919 788 1688
direct fax 919 510 6123
JaySilver@KilpatrickStockton.com

October 11, 2007

**Via E-Mail and Hand Delivery**

Thomas H. Segars
Ellis & Winters LLP
PO Box 33550
Raleigh, NC  27636

    Re:    *Lulu Enterprises, Inc. v. Hulu, LLC, et al.*
           E.D.N.C. File No. 5:07-cv-00347

Dear Tom:

    I am writing in response to the following items mentioned in your letter of October 8, 2007 regarding expedited discovery. After reviewing this response, we welcome the opportunity to meet and confer on any issues you still believe remain unresolved.

    **Privilege Logs:** The documents mentioned in your letter, including the last two entries on the privilege log (DEFP000581 and DEFP000582) and the documents labeled DEF000679-DEF000683 and DEF000684-DEF000687, were inadvertently withheld or redacted from the approximately 500 documents listed in our privilege log. These four documents are being produced with this letter. Nevertheless, we think you will find them quite unremarkable with respect to the merits of this case.

    We disagree that Hulu has treated communications with Corporation Services Company and Marksmen in an inconsistent manner. Hulu's legal counsel engaged both Corporation Service Company and Marksmen to assist in matters related to various legal issues concerning the new company. As such, certain communications with them are privileged and confidential. *See, e.g., United States v. Nobles*, 422 U.S. 225, 238-39 (1975). Certain other communications with them are not privileged and have been produced. To the extent such communications were produced, however, Hulu does not waive its privilege as to other privileged communications with the representatives of these companies.

    As you requested, please find attached as Exhibit A a list of all attorneys for Hulu known by us to date. We will update this list as appropriate.

**EXHIBIT 12
DEFENDANT'S REPLY BRIEF**

Thomas H. Segars
October 11, 2007
Page 2

The redacted documents Hulu included in its production, but that are not included in Hulu's privilege log, were redacted to protect sensitive business information. You have known about the redaction of certain proprietary information since Wednesday, September 26, 2007. Hulu considers this information highly confidential and these redactions were made consistent with our understanding of the Protective Order and Plaintiff's discovery requests.

**Hulu's Assertion of Privilege With Respect to Communications With Counsel for NBC Universal and/or Fox.** Hulu is properly entitled to assert the attorney-client privilege as to its communications with in-house counsel for NBC Universal and Fox. In-house counsel for NBC Universal and Fox certainly represent Hulu, and nothing in the Kilar deposition shows otherwise. Moreover, this representation is not contradicted by the fact that Hulu, its joint venturers, and their parent companies all entered into a joint defense agreement. Nonetheless, regardless of whether the issue is viewed as involving an attorney-client relationship or a "joint defense" arrangement, the communications in question are privileged.

The cases cited in your letter are both non-controlling and readily distinguishable. Neither case involved a parent/subsidiary relationship. "The universal rule of law, expressed in a variety of contexts, is that the parent and subsidiary share a community of interest, such that the parent (as well as the subsidiary) is the 'client' for purposes of the attorney-client privilege." *Glidden Co. v. Jandernoa*, 173 F.R.D. 459, 472 (W.D. Mich. 1997). Relying on joint defense precepts, the Fourth Circuit has clearly recognized an attorney-client privilege that extends between parent and subsidiary – even where the parent and subsidiary are not co-defendants. *See In re Grand Jury Subpoenas, 89-3 & 89-4, John Doe 89-129*, 902 F.2d 244 (4th Cir. 1990); *see also N.C. Elec. Membership Corp. v. Carolina Power & Light Co.*, 110 F.R.D. 511 (M.D.N.C. 1986) (recognizing as privileged communications between joint venturers made for the purpose of securing legal advice).

**Hulu's Responses to Deposition Questions Concerning Communications with Its Board of Directors**: We have reviewed the transcript citations referenced in your letter. We are still unclear as to the "inconsistent answers" regarding communications between Jason Kilar and Hulu's board of directors. We note that Mr. Kilar answered each of the referenced questions on pages 39-41 of the transcript referenced by you without objection from counsel. To the extent you desired additional information or clarification on the topics discussed, you were free to ask additional questions at this deposition. In general, we also do not believe that the witness was improperly instructed by counsel regarding this issue. *See generally Great Plains Mut. Ins. Co. v. Mut. Reinsurance Bureau*, 150 F.R.D. 193 (D. Kan. 1993) (holding that board minutes which included conversations involving the corporation's attorney (who was also on the board) were privileged).

**Hulu's Redactions**: Nothing in the Consent Protective Order prohibits a party from redacting information if appropriate to the circumstances. In response to your October 4th letter,

Thomas H. Segars
October 11, 2007
Page 3

we provided you with requested information sufficient to determine projected annual sales for Hulu. We understood this supplemental information addressed your concerns on this issue and we are surprised that you continue to take exception with these few, remaining redacted documents.[1] Further, we fail to see how the highly sensitive business information contained in the other few remaining redacted documents—which information is non-responsive to your discovery requests—is relevant to the issues to be addressed at the preliminary injunction.

In responding to your letter, however, we have again reviewed Hulu's redacted documents and privilege log related to same. We have identified a very few documents that were (1) inadvertently redacted or (2) inadvertently omitted from the privilege log. An updated privilege log related to Hulu's redacted documents in enclosed with this letter, as well as unredacted copies of the few documents Hulu inadvertently redacted.

While we continue to believe that these remaining and very limited redactions are proper under the circumstances and consistent with the Consent Protective Order, we are still willing to discuss alternative means to address your concerns. For example, if you wish, we are willing to make unredacted copies of all nonprivileged, responsive documents, which were previously redacted, available for your inspection at our office, on an attorneys' eyes only basis, on either October 11 or October 12. Please call Chris Jackson in my office if you wish to make this inspection.

**Documentation of Hulu's Projected Annual Sales**: Again, we did not know you were unable to understand the documentation that was produced regarding Hulu's projected annual sales. You admit that you did not even ask Hulu a question concerning the graphs in question during the Rule 30(b)(6) deposition, but I continue to believe that any such confusion could have been clarified then. Also, Mr. Kilar's recollection of this information at his deposition was consistent with the documents. *See, e.g.*, Kilar Dep. at 111. As promised, however, we provided you with unredacted copies of the documents in question which show projected revenue from "Launch/Year 1" though "Year 5." Given that this information was produced on October 5, we fail to see how Plaintiff has been prejudiced.

We trust this response addresses the remaining concerns outlined in your October 8th letter. Your continued attempts to label Hulu's conduct as having "obstructed discovery to Lulu's prejudice" are both inaccurate and unjustified.

---

[1] For example, the redacted portion of document DEF000404 contains information related to a privileged communication and was inadvertently omitted from the privilege log.

EXHIBIT 12
DEFENDANT'S REPLY BRIEF

Thomas H. Segars
October 11, 2007
Page 4


We continue to welcome the opportunity to speak further with you on these issues if you so desire. Please feel free to contact me if you would like to discuss any of the issues addressed in our letter.

Very truly yours,

KILPATRICK STOCKTON LLP

Hayden J. Silver, III

cc:  William H. Brewster
     Betsy Cooke

Thomas H. Segars
October 11, 2007
Page 5

## EXHIBIT A

### Hulu Attorneys

A. **Fox:**
1. Janene (Jana) Bassett
2. Matthew Bensen
3. Elizabeth Casey
4. Dennis Franks
5. David Ho
6. David Lippman
7. Peter Marco
8. Mei-lan Stark
9. Anna Tran
10. Theodore (Ted) Russell

B. **Fox outside counsel:** (Hogan & Hartson)
1. Alex Johnson
2. Audrey Reed
3. J. Brent Singley
4. Sumathi Subbiah
5. David Ben-Meir
6. Mary Ann Callahan

C. **News Corp**
1. Michael Bunder
2. Ellen Agress

D. **NBCU:**
1. Rick Cotton
2. Scott Seeley
3. Anna Kuzmik
4. Patricia Suh
5. Marni Pedorella
6. Gillian Lusins
7. Susan Weiner
8. Daniel Kummer
9. Jeff Hoeh
10. Andrea Hartman
11. Maya Windholz
12. Zach McGee
13. Randi Roberts
14. Peter Greenspan
15. Stephen Malone
16. Chip Fournier
17. Anne Nielsen
18. Amanda Nye
19. Steve Berkowitz
20. Keith Gorham

US2000 10362658.2

EXHIBIT 12
DEFENDANT'S REPLY BRIEF

Thomas H. Segars
October 11, 2007
Page 6

21. Sheldon Kasdan
22. Andrea Melville
23. Dawn Botti
24. Cathy Paul
25. Susan Carey
26. Susan Garcia
27. Richard Nathan
28. Mark Graboff

E. **Outside Counsel**

1. **Greenberg Traurig**
    a. Carole Aciman
    b. Daniel H. Black
    c. Tracy Chesterman
    d. Barbara Meile
    e. Lisa Nitti
    f. Alan Sutin
    g. Aileen Brophy
    h. Robin Polashuk

2. **Thelen Reid**
    a. Jeffrey Neuburger
    b. Rauer Meyer
    c. Paresh Trivedi

3. **Weil, Gotshal & Manges**
    a. Benjamin Marks
    b. Heather Solow
    c. Danielle Do
    d. Christopher Aidun
    e. Arnaud Felix
    f. Ben Marks
    g. Heather Solow

4. **Hogan & Hartson**
    a. Audrey Reed
    b. Tarah Grant

5. **Friedman & Solomon LLP**
    a. Andréa D. Cohen, Esq.

6. **Cantor Colburn**
    a. Chad Dever
    b. Curtis Krechevsky
    c. Michael Rye

Thomas H. Segars
October 11, 2007
Page 7

7. **Kilpatrick Stockton**

   a. Bill Brewster
   b. Jay Silver
   c. Sara Maurer
   d. Lauren Sullins
   e. Betsy Cooke
   f. Daniel Marti
   g. Chris Jackson