IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-cv-00347-D

| | |
|---|---|
| LULU ENTERPRISES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>HULU, LLC, *et al.*,<br><br>Defendants. | **DEFENDANT HULU, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE DECLARATION OF HAL L. PORET AND IN SUPPORT OF HULU'S MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S SURVEY AND FOCUS GROUP DECLARATIONS AND REPORTS** |

Defendant, Hulu, LLC ("Hulu"), respectfully submits this Memorandum of Law (1) in opposition to Plaintiff's Motion for Leave to File Declaration of Hal L. Poret, and (2) in support of its Motion In Limine to exclude Plaintiff's presentation of, and reliance on, survey and focus group evidence at the October 16, 2007 hearing on Plaintiff's Motion for Preliminary Injunction. Plaintiff's Motion seeks leave to file the Declaration of Hal L. Poret, which includes a purported consumer confusion survey commissioned by Plaintiff. Plaintiff's papers present the following questions for the Court:

1.  Why did Plaintiff delay until <u>after</u> filing its motion for preliminary injunction on September 10 and the Court's scheduling Order of September 14[1] to retain consultants and commission a survey and focus group?

Plaintiff's motion is silent as to any justification for its delay.

---

[1] *See* Letter from Leslie O'Toole, Esq. to Hayden J. Silver, III, Esq. (Oct. 8, 2007) (attached as Ex. 1).

US2000 10368341.5

2.  What constitutes good cause for Plaintiff receiving leave to file an alleged expert report after the close of expedited discovery and briefing on Plaintiff's motion for preliminary injunction?

Plaintiff's motion is silent on this point, except to suggest Plaintiff needs such evidence to support its Motion for Preliminary Injunction

3.  What rule, procedure or convention authorizes Plaintiff to file its purported expert reports and declarations weeks after filing its motion for preliminary injunction, and after the close of expedited discovery and briefing?

None. Although Plaintiff cites to Local Civil Rule 7.1(d) & (e), EDNC, Plaintiff misinterprets this rule. In fact, Plaintiff's late service and filing of its purported expert reports is contrary to Local Civil Rule 7.1, EDNC, this Court's Order of September 14, 2007, and Fed. R. Civ. P. 6(b).

4.  Do Plaintiff's tactics and the resulting delay prejudice Hulu and create an unfair advantage for Plaintiff, the movant in this matter?

Undisputedly yes.

**NATURE OF THE CASE AND STATEMENT OF FACTS**

Plaintiff filed this trademark action against Hulu on September 5, 2007 [docket 1]. Five days later, on September 10, it filed a Motion for Temporary Restraining Order and Motion for Preliminary Injunction [docket 6, 8]. Simultaneously with the filing of those two motions, Plaintiff also moved to expedite limited discovery [docket 10]. To expedite a hearing in this matter the parties jointly moved the Court for an expedited discovery schedule. The Court granted the parties' joint motion by Order dated September 14, 2007 [docket 30] and required that "[a]ll discovery initiated by either party and *necessary for determination of the Motion* will

be completed no later than October 5, 2007" (emphasis added). All deadlines were premised on the imminent launch of Hulu's website, www.hulu.com.

In reliance on the discovery scheduling Order, on September 17, 2007, Hulu served its First Set of Interrogatories and Requests for Production of Documents to Plaintiff that included a request for Plaintiff's expert evidence, including specifically survey evidence of the type Plaintiff seeks to file through the Declaration of Hal L. Poret. On September 25, 2007 Plaintiff responded in its Objections and Responses to Defendant N-F NewSite LLC's First Set of Interrogatories and Request for Production of Documents as follows:

> 17. Documents, including surveys, reflecting, relating or pertaining to any actual or purported association or confusion of any type between Defendant and Plaintiff for any of their respective goods or services, or any actual or hearsay knowledge, directly or indirectly, of any actual or purported association or confusion of any type between Plaintiff and Defendant or any of their respective goods or services.
>
> <u>Response</u>: Subject to and without waiving the general objections limitations set forth above (which are incorporated herein by reference), Lulu responds as follows: Documents responsive to this request are being produced herewith.

Plaintiff, however, did not produce the Declaration/survey to Hulu until October 11, 2007 (after both the discovery and primary briefing deadlines had passed) and has not produced its focus group report to date. In contrast, on October, 5, 2007, Hulu produced its survey evidence to Plaintiff in the form of the Declaration of Gerald Ford (which was filed with the Court on October 9, 2007 with Hulu's opposition papers).

Following some earlier conversations in which Plaintiff's counsel indicated Plaintiff might undertake a survey, on October 2, 2007, three days before the close of the discovery period, Plaintiff stated that it now planned to rely on a survey in support of its Motion for

3

Preliminary Injunction.[2]  At that time, however, Plaintiff disclosed that its survey would not be available until Friday, October 12, 2007, six days after the close of discovery and only two business days before the hearing.  *See* Letter from Hayden J. Silver, III, Esq. to Leslie O'Toole, Esq. (Oct. 3, 2007) (summarizing telephone conversation from previous day and objecting to late production of survey) (attached as Ex. 2).  Despite the fact that Hulu was able to commission a survey *after* being served with the Complaint, Plaintiff claimed that its expert could not prepare a report more quickly.  *See* Letter from Leslie O'Toole, Esq. to Hayden J. Silver, III, Esq. (Oct. 4, 2007) (attached as Ex. 3).  Hulu never consented to the untimely production of Plaintiff's survey or focus group evidence.  *See* Letter from Hayden J. Silver, III, Esq. to Leslie O'Toole, Esq. (Oct. 11, 2007) (attached as Ex. 4).

The untimely production of the Declaration/survey and focus group report by Plaintiff undoubtedly prejudices Hulu.  On the one hand, the hearing on October 16 needs to go forward given the exigency of Hulu's launch.  On the other hand, Plaintiff's unilateral decision <u>not</u> to follow the Rules of Civil Procedure and this Court's scheduling Order denies Hulu any meaningful review, evaluation, or opportunity to respond to Plaintiff's expert reports.[3]

**ARGUMENT**

    **A.    The Untimely Production of Plaintiff's Expert Evidence is Contrary to the Court's September 14 Order and is Contrary to Fed. R. Civ. P. 6(d).**

Plaintiff proposes to file its purported expert report regarding a consumer confusion survey in the form of the Declaration of Hal L. Poret.[4]  On October 11, counsel for Plaintiff also orally disclosed that it intended to file a second focus group survey on October 12.  Since Plaintiff's survey and focus group reports are in the form of an affidavit/declaration in support of

---

[2] Hulu has since been informed that Plaintiff will seek to submit and rely on both a survey and a focus group report in support of its motion for preliminary injunction.
[3] Plaintiff, in contrast, has had the benefit of Hulu's survey report since October 5, 2007.
[4] Presumably, Plaintiff's purported focus group report will also be in the form of an affidavit or declaration.

its motion for preliminary injunction, they should have been served with the motion for preliminary injunction. *See* Fed. R. Civ. P. 6(d) ("When a motion is supported by affidavit, the affidavit shall be served with the motion. . . ."). Because it was not timely served, it should not be considered. *See Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 358 (5th Cir. 1971) (Rule 6(d) applicable to motion for preliminary injunction). Although "a district court has discretion to consider a late affidavit if it chooses to do so," exceptions to Rule 6(d) "should generally be used only if cause or excusable neglect has been shown by the party failing to comply with the time provisions." *Orsi v. Kirkwood*, 999 F.2d 86, 91 (4th Cir. 1993). As discussed below, Plaintiff has not presented any circumstances which reflect "good cause" or excusable neglect on Plaintiff's part; and no exception to Rule 6(d) should be granted.[5]

**B.    Plaintiff Was Aware of the October 5, 2007 Discovery Cut-Off and Should Not Be Allowed to Benefit From Its Own Delay In Commissioning A Survey.**

Courts may exclude testimony and reports from witnesses disclosed after scheduling order deadlines. For example, the Middle District of North Carolina excluded untimely expert witness disclosures under Fed. R. Civ. P. 16(f), including the identification of a new expert witness and supplemental expert reports, served after the deadlines set out in a scheduling order. *See Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 311-12 (M.D.N.C. 2002) (noting failure of plaintiff to immediately seek leave to serve additional expert disclosures and observing that "[t]he disruption caused by the proliferation of untimely expert testimony is real and attorneys must know such will not be permitted"); *see also Domingos v. United States*, 883 F. Supp. 16, 18 (E.D.N.C. 1993) (finding dismissal appropriate as Rule 16(f) sanction to address conduct including untimely disclosure of experts); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963,

---

[5] Likewise, Local Civil Rule 7.1(d), EDNC, provides that "<u>motions</u> shall be accompanied by affidavits or other supporting documents." (emphasis added.) Local Civil Rule 7.1(e), EDNC, is not applicable, as Plaintiff is not filing a "response" to its own motion for preliminary injunction.

969 n.5 (9th Cir. 2006) ("It is not an abuse of discretion to exclude a party's expert testimony when that party failed to disclose the expert report by the scheduling deadline and that party reasonably could have anticipated the necessity of the witness at the time of the deadline.").

The *Akeva* court further noted that when a party has failed to comply with a scheduling order under Rule 16 the question is not whether the defendants have been prejudiced, but whether plaintiff has shown good cause for its failure to timely disclose. *Lory v. Gen. Elec. Co.*, 179 F.R.D. 86 (N.D.N.Y.1998); *see also Reliance Ins. Co. v. La. Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1997) (Rule 16(b) only permits modification of scheduling order for good cause). Under Rule 16(f), the Court may impose the full range of sanctions, including precluding the expert's testimony. *Boardman v. Na'l Med. Enter.*, 106 F.3d 840, 843 (8th Cir.1997).

In this case, Plaintiff provides no basis for its failing to meet the Court's October 5, 2007 deadline except to state that:

> Although we would love to be able to produce our data to you earlier, in order to conduct careful, well-designed, and thorough research, our consultants have required every minute of time available since our decision to withdraw our motion for TRO (at your request) and leading up to the hearing on October 16. I congratulate you on finding consultants who apparently can work more quickly, but assure you that ours have been quite diligent.

O'Toole letter dated Oct. 4, 2007 (Ex. 3). Plaintiff's motion is likewise lacking in showing good cause:

> 13. Despite diligence in the design, implementation, and completion of its commissioned survey, Lulu was unable to file the Declaration of Hal L. Poret with its Memorandum of Law in Support of Preliminary Injunction (filed just two days ago—on October 9, 2007). That failure was not due to any dilatoriness or unreasonable delay on the part of Lulu or Mr. Poret. Rather, it was occasioned by the practical difficulty of finishing a methodologically sound and scientifically reliable study within the short discovery period allowed—a time period driven by

>Defendant N-F's professed desire to launch a beta site on a certain date.

Plaintiff's letters and motion, however, fail to adequately explain why Plaintiff delayed commissioning a survey or focus group until sometime after the Court entered its scheduling Order on September 14,[6] when it had filed suit on September 5. Nor does Plaintiff offer facts to explain its failure to meet the Court's October 5, 2007 discovery cut-off. Because of the prejudice to Hulu as a result of Plaintiff's complete failure to timely produce its survey and focus group report, the only meaningful remedy is to exclude their use at the hearing on Plaintiff's preliminary injunction motion.

Plaintiff initiated this suit and, presumably, knew at that time it would pursue Motions for TRO and for Preliminary Injunction. The Court's scheduling order expedited discovery so that <u>both</u> parties could expeditiously prepare the case for a hearing on Plaintiff's Motion for Preliminary Injunction. Plaintiff consented to the scheduling Order and knew as early as September 14, 2007 that discovery would close on October 5, 2007. Moreover, Plaintiff has never sought leave from the Court to serve or file its alleged expert reports after the Court ordered deadlines. There is no substantial justification for its failure to timely engage experts to prepare a survey or focus group report, or to disclose them within the time frame established by the Court for discovery.

Plaintiff's failure to prepare in advance for its own motion is a predicament of its own making. The Court should not allow Plaintiff to benefit from Plaintiff's own delay in commissioning its survey or focus group. Apparently these reports are now evidence it deems

---

[6] In fact, the study produced with the Declaration of Hal L. Poret states that the survey was not conducted until the period from September 28 through October 8—over three weeks after Plaintiff filed this action. *See* Pl.'s Mot. for Leave to File Decl. of Hal L. Poret in Supp. of Mot. for Prelim. Inj., Ex. A at 20.

essential, which is all the more reason why Plaintiff should have acted diligently and timely to comply the Court's Order and the Rules of Civil Procedure.

If followed, the Court's scheduling Order of September 14 would have permitted Hulu to review Plaintiff's purported expert evidence and respond in its papers on October 9. It would also have allowed Hulu at least some short window of time in which its own expert could review and comment fully on the evidence. As it stands now, if Plaintiff is permitted to use this material, Hulu will be denied any meaningful opportunity to fully respond.

### C.  Delaying The Hearing Would Significantly Prejudice Hulu But Reward Plaintiff's Conduct

Hulu respectfully submits that delaying the hearing on Plaintiff's Motion for Preliminary Injunction is neither a fair nor feasible option. Plaintiff's conduct should not force Hulu to choose between either delaying the hearing (and jeopardizing its website launch) or not being permitted to respond fully to Plaintiff's late evidence.

Plaintiff's production of its expert reports after the close of discovery and briefing has not allowed Hulu adequate time to analyze the reports with its own experts. Moreover, a brief review of the Declaration served on October 11 does not contain data necessary for Hulu's experts to review the reports in any meaningful fashion before the hearing on October 16.[7]

Hulu should not be prejudiced by Plaintiff's shortcomings. Delaying the preliminary injunction hearing would only further serve to postpone Hulu's roll-out, again allowing Plaintiff to benefit from its own failure to timely engage its experts to perform a survey and conduct a focus group.

---

[7] Hulu requested this data information on October 12. To date, Plaintiff has not produced this information related to the Poret Declaration and survey.

**CONCLUSION**

For the reasons discussed herein, Hulu's Motion In Limine should be granted and Plaintiff should be excluded from filing, presenting and relying on the Declaration of Hal L. Poret, or any other survey evidence or focus group reports in support of its Motion for Preliminary Injunction.

Respectfully submitted, this the 12th day of October, 2007.

/s/ Hayden J. Silver, III

Hayden J. Silver, III
NC State Bar No. 10037
jaysilver@kilpatrickstockton.com
Betsy Cooke
NC State Bar No. 25353
bcooke@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
3737 Glenwood Avenue, Suite 400
Raleigh, NC 27612
(919) 420-1700
(919) 420-1800 (facsimile)

William H. Brewster
GA State Bar No. 080422
bbrewster@kilpatrickstockton.com
Sara Maurer
GA State Bar No. 159056
smaurer@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
(404) 815-6500
(404) 815-6555 facsimile

*Attorneys for Defendant Hulu, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that on this date the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System which will send notice to the following CM/ECF participants:

>Leslie C. O'Toole
>leslie.otoole@elliswinters.com
>Thomas Hamilton Segars
>tom.segars@elliswinters.com

This the 12th day of October, 2007.

/s/ Hayden J. Silver, III

KILPATRICK STOCKTON LLP
3737 Glenwood Avenue, Suite 400
Raleigh, North Carolina 27612
Telephone: (919) 420-1700