# EXHIBITS TO
# DEFENDANT'S MOTION IN LIMINE

1.   Letter from Lelie O'Toole dated Oct. 8, 2007

2.   Letter from Hayden J. Silver, III dated Oct. 3, 2007

3.   Letter from Leslie O'Toole dated Oct. 4, 2007

4.   Letter from Hayden J. Silver, III dated Oct. 11, 2007



ELLIS & WINTERS

Writer's E-Mail Address:
leslie.otoole@elliswinters.com

Writer's Direct Dial Number:
(919) 865-7009

October 8, 2007

<u>Via Electronic Mail and U.S. Mail</u>

Hayden J. Silver, III, Esq.
Kilpatrick Stockton
3737 Glenwood Avenue, Suite 400
Raleigh, NC  27612

      Re:    Lulu Enterprises, Inc. v. N-F Newsite, LLC, and Hulu Tech, Inc.;
             Case No. 5:07-CV-347-D

Dear Jay:

      This letter is in response to your letter of October 5, 2007 concerning both parties' survey evidence.  I must take issue with several statements in your letter.  Lulu did not delay in commissioning a survey, nor were we required to have already completed one at the time we filed our initial motion for a temporary restraining order, as you letter seems to suggest.  As you know, Lulu filed its motion for a TRO on an emergency basis, not knowing the launch date for NF Newsite's beta launch, but only knowing that media reports said it would occur "in October."  After we filed our motion, you disclosed the launch date upon Judge Dever's order, and the remaining schedule was built around that launch date.  We proceeded promptly to retain consultants to conduct research that could be presented at the preliminary injunction hearing, but we never agreed to any specific date that it would be ready -- the only assurances I gave you were that we were working (and asking our consultants to work) as quickly as possible.

      Initially, it appeared that the discovery schedule on which we agreed was constructed in a spirit of cooperation and flexibility given the short time frame and large amount of work to be accomplished by both parties.  The discovery schedule itself does not specifically address survey evidence.  I understand it is now your position that such evidence had to be submitted by October 5 as the discovery deadline, but I note that that deadline has no practical utility as it does not allow for discovery concerning the survey itself.  The spirit of flexibility and cooperation that was seemingly apparent initially seems to have eroded.  Early on, we spoke about the difficulties **both parties** were experiencing in commissioning survey evidence that could be completed within the time available.  It appears that it was only after you realized that yours would be ready earlier

TEL  919.865.7000
FAX  919.865.7010

MAILING ADDRESS
Post Office Box 33550
Raleigh, North Carolina 27636

STREET ADDRESS
1100 Crescent Green, Suite 200
Cary, North Carolina 27518

www.elliswinters.com

Ellis&Winters LLP

EXHIBIT 1
DEFENDANT'S MOTION IN LIMINE

Hayden J. Silver, III, Esq.
October 8, 2007
Page 2

that you constructed a deadline you said I had agreed to (which I certainly had not) and started taking the position that our evidence could not be submitted.

We contend that our survey evidence is highly relevant as it is well designed, includes a large number of subjects, and looks at the issue of consumer confusion using two different methodologies. Thus, whatever the final results, it is relevant and worthy of the Court's consideration. I reiterate that this case is of the utmost importance to Lulu, and we do not wish it resolved (nor, I would think, would your client) based on procedural maneuvering, but would hope that it can be resolved on the merits after a full consideration of all relevant information. I remind you, as well, that it is NF Newsite's launch date that is driving this schedule, and not anything that Lulu has done or created.

At this stage, we would prefer to work out a solution that accommodates the needs of both parties without the necessity of Court intervention. We remain open to any suggestions you may have as to how best to do so. It seems to us that the best approach, that causes the least burden on the parties and their counsel, is simply to submit the written reports at the hearing, without either party conducting discovery of the consultants prior to the hearing. If that is not acceptable to you, then we propose that each side make its experts available for brief telephone depositions. At least one of our two experts can be available on Monday, October 15. We are checking to see if the other can as well. If you will let us know when yours can be available we will accommodate his schedule. If you are concerned that October 15 is too close to the hearing date, we could move the hearing date (subject to the Court's availability). Finally, could you please respond to my earlier inquiry as to how you intend to present your survey evidence? Is it your intention to submit your expert's report, or to have him present for live testimony?

                                                Very truly yours,

                                                Leslie C. O'Toole

LCO/sak

cc: Thomas H. Segars, Esq.
     Alex M. Pearce, Esq.



**KILPATRICK
STOCKTON** LLP

Attorneys at Law

Suite 400  3737 Glenwood Avenue
Raleigh NC 27612
t 919 420 1700  f 919 420 1800
www.KilpatrickStockton.com

Hayden J. Silver III
direct dial 919 788 1688
direct fax 919 510 6123
JaySilver@KilpatrickStockton.com

October 3, 2007

**VIA ELECTRONIC MAIL
AND FACSIMILE (865-7010)**

Leslie C. O'Toole
Ellis & Winters LLP
PO Box 33550
Raleigh, NC  27636

Dear Leslie:

    I am writing concerning our conversation late yesterday afternoon in which you advised me that Lulu has commissioned a survey, but the survey will not be ready for production and review until Friday, October 12.

    On behalf of Hulu LLC, we will object to your client's survey unless it is produced no later than October 5.  Waiting until October 12 would significantly prejudice our ability to respond to the survey in a timely manner prior to the October 16 hearing on Lulu's motion for preliminary injunction.  In your conversations last week with both Bill Brewster and me, we understood that if Lulu in fact commissioned a survey, it would be produced no later than October 5.  In fact, our understanding was that we would confirm the fact of a survey on Tuesday, October 2 (consistent with our call yesterday), exchange reports by Friday (before the briefing next week), and conduct discovery focused on the surveys the week before the hearing.

    We intend to produce the survey which Hulu has commissioned this Friday, October 5.

Very truly yours,

KILPATRICK STOCKTON LLP

Hayden J. Silver, III

cc:    William H. Brewster
        Betsy Cooke

US2000 10354943.1

ATLANTA  AUGUSTA  CHARLOTTE  LONDON  NEW YORK  RALEIGH  STOCKHOLM  WASHINGTON  WINSTON-SALEM

EXHIBIT 2
DEFENDANT'S MOTION IN LIMINE



ELLIS & WINTERS

Writer's E-Mail Address:
leslie.otoole@elliswinters.com

Writer's Direct Dial Number:
(919) 865-7009

October 4, 2007

<u>Via Facsimile and Electronic Mail</u>

Hayden J. Silver, III, Esq.
Kilpatrick Stockton
3737 Glenwood Avenue, Suite 400
Raleigh, NC 27612

     Re:  Lulu Enterprises, Inc. v. N-F Newsite, LLC, and Hulu Tech, Inc.;
           Case No. 5:07-CV-347-D

Dear Jay:

    I write in response to your letter of October 3, 2007. In that letter, you reference prior conversations I have had with you and with Bill Brewster, and you state that both of you understood that, if Lulu commissioned a survey, it would be produced no later than October 5. I am not certain how either of you could have reached that understanding as I never stated that our survey would be completed by October 5. To the contrary, I spoke to you at some length on two occasions about the difficulty we were having in getting this research completed before the hearing itself. In my conversation with Bill, I absolutely did not say it would be completed by October 5. I told him we were still looking into the whole survey issue and that I would touch base Tuesday (October 2) to discuss further, which I did by way of a phone call to you. I simply do not know how you arrived at the conclusions you set forth in your letter about the timing of exchange of reports, since I have never agreed to anything on that issue with you or with Bill.

    It was in Tuesday's call that I informed you that we intended to present data resulting from out consultants' research, but that I was not yet certain of the form, and could not guarantee that we could get the report to you any earlier than October 12. I also said if we could get it to you any earlier, we would. In that same conversation, you told me for the first time definitively that Hulu had commissioned a survey, and that you intended to produce the results to us on October 5. I mentioned in this call that, given the difficulties imposed by the tight time schedule, we might need to forego formal discovery on the surveys before the hearing, and agree simply to exchange reports.

TEL 919 865 7000
FAX 919 865 7010

MAILING ADDRESS
Post Office Box 33550
Raleigh, North Carolina 27636

STREET ADDRESS
1100 Crescent Green, Suite 200
Cary, North Carolina 27518

www.elliswinters.com

Ellis & Winters LLP

EXHIBIT 3
DEFENDANT'S MOTION IN LIMINE

Hayden J. Silver, III, Esq.
October 4, 2007
Page 2

Although we would love to be able to produce our data to you earlier, in order to conduct careful, well-designed, and thorough research, our consultants have required every minute of the time available since our decision to withdraw our motion for TRO (at your request) and leading up to the hearing on October 16. I congratulate you on finding consultants who apparently can work more quickly, but assure you that ours have been quite diligent.

I appreciate that you intend to produce your survey results on October 5. If you prefer to wait and conduct a simultaneous exchange so that neither party will be comparatively prejudiced by the timing, that will be perfectly acceptable to us, as well. You have not indicated whether you intend to offer live testimony concerning the report, or how you intend to present the report to the Court. I stand by my proposal to simply submit our reports.

After consideration of this letter, should you choose to object to introduction of our data based on timing alone, then we will have no choice but to seek a continuance of the hearing date. The date was established entirely based upon your client's proposed launch date for its closed Beta testing project, and I am sure that the launch can be deferred a brief period if the alternative is to deprive the Court of highly relevant evidence in this important case.

Very truly yours,

Leslie C. O'Toole

LCO/sba

cc: William H. Brewster, Esq.
    Betsy Cooke, Esq.
    Thomas H. Segars, Esq.

Ellis&Winters LLP



**KILPATRICK STOCKTON LLP**
Attorneys at Law

Suite 400  3737 Glenwood Avenue
Raleigh NC 27612
t 919 420 1700  f 919 420 1800
www.KilpatrickStockton.com

Hayden J. Silver III
direct dial 919 788 1688
direct fax 919 510 6123
JaySilver@KilpatrickStockton.com

October 11, 2007

**VIA FACSIMILE**

Leslie C. O'Toole
Ellis & Winters LLP
PO Box 33550
Raleigh, NC  27636

  *Re:* ***Lulu Enterprises, Inc. v. Hulu, LLC, et al.***
     **E.D.N.C. File No. 5:07-cv-00347**

Dear Leslie:

  I am writing in response to your letter of October 8, 2007, concerning Plaintiff's proposed survey and your continued insistence that Plaintiff should be permitted to submit it for consideration by the Court.

  I understand that you still propose to serve this survey on October 12, after the parties have completed briefing on Plaintiff's motion and immediately before the October 16 hearing. You also have proposed that both parties be allowed to submit their written reports to the Court at the hearing, without either party conducting discovery of the consultants or, in the alternative, making the parties' experts available for depositions on October 15, the day before the preliminary injunction hearing.

  To be clear, we do not consent to Plaintiff filing a survey on October 12, and we do not consent to a continuance of the October 16 hearing .

  We stipulated to and the Court set a discovery deadline in this matter, October 5. Plaintiff's failure to produce its survey in a timely fashion after the close of discovery and briefing is patently prejudicial.

US2000 10363371.4

ATLANTA  AUGUSTA  CHARLOTTE  LONDON  NEW YORK  RALEIGH  STOCKHOLM  WASHINGTON  WINSTON-SALEM

**EXHIBIT 4**
**DEFENDANT'S MOTION IN LIMINE**

Leslie C. O'Toole
October 11, 2007
Page 2

Hulu expressly asked for any information related to such surveys in its written discovery requests. *See* Defendant's Request For Production No. 17 Plaintiff responded by stating that "[d]ocuments responsive to this request are being produced herewith," but did not produce a report at that time. Nor did Plaintiff serve its survey with the filing of its written motion for preliminary injunction, contrary to Fed. R. Civ. P. 6(d) ("[w]hen a motion is supported by affidavit, the affidavit shall be served with the motion").

Plaintiff's difficulty in commissioning survey evidence is not an excuse here. Despite any such early difficulties of its own, Hulu went to extraordinary lengths to ensure its survey was completed in a timely fashion and timely produced to Plaintiff. Hulu rightfully expected no less from Plaintiff in this matter.

I disagree with your statement that the October 5 discovery deadline for surveys has "no practical utility." Producing the survey by October 5 would have allowed Hulu sufficient time to review and analyze the report, and then to better respond to Plaintiff's arguments in our October 9 papers and at the hearing. In contrast, Plaintiff has been in possession of Hulu's survey report since the afternoon of October 5. Not only does this give Plaintiff an advantage in preparing for hearing, but Plaintiff is now in a position to respond to Hulu's survey in its briefing materials, while not allowing Hulu the same opportunity.

Hulu is not engaging in "procedural maneuvering." We are simply seeking to proceed to the merits of this matter on a fair and equal footing with Plaintiff.

Given the circumstances, we reserve our right to object to the timing of your submission of a survey to the Court. Nevertheless, and reserving all rights, we are open to conducting limited depositions of the experts on Monday, October 15, 2007. Further, as you and I discussed on October 8, the parties will submit their evidence at the October 16 hearing by written report and deposition transcript, rather than live testimony.

Sincerely,

KILPATRICK STOCKTON LLP

Hayden J. Silver, III

cc:   William H. Brewster
      Betsy Cooke

US2000 10363371.4